(No. 25650.

Peter Sissman, Appellant, *vs.* The Chicago Title and Trust Company, Trustee, *et al.* Appellees.

*Opinion filed February 14, 1941.*

PETER SISSMAN, *pro se,* appellant.

WILLIAM J. CAMPBELL, United States Attorney, SAMUEL O. CLARK, JR., Assistant Attorney General, J. LOUIS MONARCH, and M. S. PRICE, for appellee the United States of America.

Mr. CHIEF JUSTICE GUNN delivered the opinion of the court:

Appellant, Peter Sissman, filed his complaint in the circuit court of Cook county to foreclose a trust deed executed by the Standard Beverage Corporation, and, among others, made the United States of America party defendant, and a decree of foreclosure was duly entered. Later, upon motion, the United States of America was dismissed

as a party defendant. This order was affirmed by the Appellate Court for the First District, and leave to appeal to this court was granted.

The Standard Beverage Corporation on June 9, 1925, executed its trust deed to secure the sum of $95,000 in notes payable to appellant, which trust deed was duly recorded on June 10, 1925, in the office of the recorder of deeds of Cook county. Complaint to foreclose was filed on December 28, 1936, and the United States of America named a party defendant, as having some claim or interest in the property as judgment creditor, lien holder, or otherwise. An answer was filed by the United States of America through the District Attorney and a decree of foreclosure was entered on September 3, 1937, and a sale made of the property to appellant for the sum of $80,000.

On June 16, 1938, a petition was filed by the United States of America for an order vacating the decree of foreclosure, and setting aside the master's sale as to the United States of America because on February 11, 1930, the collector of internal revenue, under warrants of distraint for non-payment of income tax, had sold the property in question, and on March 23, 1931, had conveyed the real estate involved to the United States of America. It is alleged by reason of the fact that the title of the mortgagor was vested in the United States of America prior to bringing of the foreclosure suit that the United States of America could not be sued except by its consent, and that the district attorney had no authority to give the consent by entering its appearance in said foreclosure proceeding. On November 4, 1938, appellant answered this petition of the United States of America and admitted that the latter had acquired title to the premises involved by virtue of the sale aforesaid, and says that the United States of America answered in the foreclosure proceeding, and that, by virtue of the act of Congress of March 4, 1931, the

United States of America gave its consent to being joined as a party defendant in foreclosure proceedings instituted by mortgage or other lien holders, and denied that the acquisition of title by the United States of America deprived the circuit court of jurisdiction over the United States of America as a lien claimant.

The point involved is whether, after the United States has *acquired title* to property by the foreclosure of a lien in its favor, it can still be considered a *lien claimant* under the act of Congress of March 4, 1931, which reads as follows: "That, upon the conditions herein prescribed for the protection of the United States, the consent of the United States be, and it is hereby given to be named a party in any suit which is now pending or which may hereafter be brought in any United States district court, * * * and in any State court having jurisdiction of the subject matter, for the foreclosure of a mortgage or other lien upon real estate, for the purpose of securing an adjudication touching any mortgage or other lien the United States may have or claim in the premises involved." (U. S. C. title 28, sec. 901.) It will be noted that the purpose of granting the consent is to secure *an adjudication touching any mortgage or other lien the United States may have or claim on the premises involved.* Appellant's contention is that the ripening of the lien of the United States into a deed does not prevent the application of the statute, while appellee claims that it no longer has a mortgage or other lien to adjudicate, and has a title to the property, which creates a situation under which it has not consented to be sued.

It has long been established that the United States is a sovereign and cannot be sued without its consent. (*Belknap* v. *Schild*, 161 U. S. 10, 40 L. ed. 599; *Louisiana* v. *McAdoo*, 234 id. 627, 58 L. ed. 1507.) Consent to be sued must be given by Congress, and neither the Attorney Gen-

eral nor his representatives can confer this jurisdiction by consent or appearance. (*United States* v. *Clarke,* 33 U. S. 426, 8 L. ed. 1001; *Stanley* v. *Schwalby,* 162 id. 255, 40 L. ed. 960.) The statute authorizing the instituting of a suit against a sovereign must be strictly construed in favor of the sovereign. (*Eastern Transportation Co.* v. *United States,* 272 U. S. 675, 71 L. ed. 472; *Chicago City Railway Co.* v. *City of Chicago,* 323 Ill. 246.) Appellant cites *Mansfield* v. *Excelsior Refining Co.* 135 U. S. 326, 34 L. ed. 162, as holding that the United States only acquired an equity of redemption by the sale made by the collector. In that case the distiller against whom the United States proceeded only had a leasehold interest, which was sold, the conveyance of which, in the very nature of things, could not convey the fee, but in the same case the opinion says: "It may be admitted that if the distiller had been the owner of the fee a sale in that mode [by distraint] would have passed his interests subject to the rights of any prior encumbrancer and subject to the rights of any subsequent encumbrancer to redeem the premises." The case of *Blacklock* v. *United States,* 208 U. S. 75, 52 L. ed. 396, distinctly holds that the United States can exercise cumulative remedies and, by distraint, sell such interest in the lands as the delinquent taxpayer owns. In the *Blacklock case* the interest sold was the fee: in the *Mansfield case,* a leasehold. Neither of these cases touch the application of the act of March 4, 1931.

When the property was sold under the distraint and the collector's deed was issued in pursuance thereof and delivered, the collector's lien against the particular property was exhausted, and the title of the delinquent taxpayer passed to the United States. (*French* v. *Toman, ante,* p. 389.) In the latter case we said: "The reason that a foreclosure and sale extinguish the lien is that, under the long-settled policy of the law, the cause of action is merged in the fore-

closure and sale. The debt is merged in the decree, and all liabilities growing out of the encumbrance are fixed by the decree and are to be enforced through its provisions. The lien has expended its force. It is *functus officio."* While this language, as used, refers to contract liens, it was applied to the foreclosure of a tax lien, with the result that, after foreclosure and sale, the lien on the property was exhausted and the purchaser became the owner.

In the present case the United States acquired the title of the Standard Beverage Corporation five years before foreclosure was started by appellant. At the time of the foreclosure it was the owner of the interest of the delinquent taxpayer.

The cases cited by appellant to the effect that the United States had submitted itself to the jurisdiction of a court of equity by filing its answer have no application, as all of these cases were ones in which the United States voluntarily invoked the jurisdiction of the court as a claimant of some benefit under the law. As illustrative of these circumstances, *Standard Oil Co.* v. *United States,* 267 U. S. 76, 69 L. ed. 519, involved a case in which the United States was in the insurance business, and, being properly in court, was held liable for interest on the losses the same as an ordinary litigant; *United States* v. *The Thekla,* 266 U. S. 328, 69 L. ed. 313, involved a case in which the United States came into court asserting a right. No authority is called to our attention in which the United States can be made a party defendant against its consent, which must be granted by Congress.

The claim of appellant that to permit the United States to withdraw from this suit leaves him without remedy is inaccurate. (U. S. Revenue act of 1924, 43 Stat. 350, chap. 234, sec. 1030.) Section 3207 of the Revised Statutes of the United States provides that any person having a lien duly recorded, prior to the filing of notice of the

lien by the United States, may make a request of the commissioner of internal revenue to direct the filing of a bill in chancery, and if such commissioner fails to direct the filing of such a bill the person giving notice to the commissioner may file a petition in the District Court of the United States praying leave to file a bill for the final determination of all claims to or liens upon the real estate in question, and the court, in its discretion, may enter an order granting leave to file such bill, in which the United States and all persons having liens upon, or claiming an interest in such real estate shall be made parties, and after providing for service upon the United States authorizes the District Court to proceed to adjudicate the matters involved in such petition.

The fact that there is a law authorizing the United States court, in a certain manner, to adjudicate claims of the United States to real estate, whereas the act of March 4, 1931, goes no further than to give the consent of the United States to a determination of liens, shows, under well-understood rules of construction, the latter act is limited to liens, as distinguished from interests or titles.

From a consideration of the act of March 4, 1931, and the construction to be placed upon the acts of a sovereign in consenting to be made a party to a suit, we are of the opinion that such act was limited to cases coming within the language of the act itself, viz.,—securing "an adjudication touching any mortgage or other lien the United States may have on the premises," and does not include consent to be sued under that act, where the United States is claiming title and not a lien.

The judgment of the Appellate Court for the First District is affirmed.

*Judgment affirmed.*