A. BERNARD BLINN, Plaintiff, *v.* PATRICK BOWDREN, SR., et al., Defendants.

Supreme Court, Special Term, Queens County, March 30, 1950.

*J. Vincent Keogh, United States Attorney for the Eastern District of New York (Irving T. Kartell* of counsel), for United States of America, defendant.

*Walter J. A. Mack* for plaintiff.

HOOLEY, J. Motion by the defendant United States of America to dismiss the complaint as against it.

The action is brought to foreclose eighteen transfers of tax liens originally held by the City of New York. The allegation making the United States of America a party defendant in each of the eighteen causes, except in action No. 6, is in substantially the following language: '' The United States of America is made a party-defendant to the cause of action herein solely for the reasons hereinafter set forth: (b) That on information and belief the following parties died leaving property by reason of which there may be due an inheritance tax or estate tax and the following facts constitute all the information within plaintiff's knowledge relative to the facts of such residence, time and place of death: ——— acquired title from ——— by deed dated ———, recorded on ——— in Liber ———, cp. ———. According to the records the grantee's address was ———. No

information can be obtained as to whether ——— is living or dead, and if dead, no facts can be ascertained as to his residence, heirs and time and place of death." In the blanks are inserted the owners of each of the seventeen properties, the date and recording date of the deed, liber and page, and the record address of such grantee.

Section 2410 of title 28 of the United States Code is the authority to join the United States of America in an action to foreclose a mortgage or other lien upon real or personal property on which the United States has or claims a mortgage or other lien. Such section was formerly section 901 of title 28 of the United States Code and, in connection with the revision of United States Code in 1948, said section was renumbered and enlarged. Subdivision (b) of said section 2410 includes phraseology which is different than that which was used in the old section 901. The former section provided in part that the United States could be made a party in a suit for the foreclosure of a mortgage or other lien upon real estate " for the purpose of securing an adjudication touching any mortgage or other lien the *United States may have or claim on the premises* * * * *involved.*" (Italics supplied.) Subdivision (b) of section 2410 provides as follows: " The complaint shall set forth with particularity the nature of the interest or lien of the United States * * *."

The question here presented is whether the plaintiff has complied with such section. The moving defendant asserts that the complaint does not set forth with particularity the nature of the interest or lien of the United States.

It is obvious that the plaintiff has set forth the nature or interest of the lien of the United States of America in the pertinent paragraphs of each cause of action with the particularity required insofar as that is possible. In a motion of this kind the moving party admits all the allegations of the complaint and the complaint is to be liberally construed.

If good title is to be obtained in this foreclosure action all parties having any liens thereon subsequent to the tax liens held by plaintiff must be made parties defendant. The title of the action indicates that many of the defendants are unknown, both as to identity and residence, and from time immemorial these persons, if any, could be made parties defendant in foreclosure actions and their rights could be cut off. Similarly, the State of New York and the United States of America could be made parties defendant and their rights could be cut off.

If the moving defendant's contention is sustained, it will mean that in nearly every foreclosure of a mortgage or other lien in this State in which it appears that unknown defendants have been made parties, that good title may not be obtained through such foreclosure action as against the United States of America. Such a result would interfere with the orderly process of the enforcement of legal rights and the transfer of property.

The motion is denied.