## CITY BANK OF ANCHORAGE v. EAGLESTON et al.

### No. A-7851.

District Court, Alaska.
Third Division, Anchorage.
March 2, 1953.

Ralph E. Moody, Anchorage, Alaska, for plaintiff.

Harold J. Butcher, Anchorage, Alaska, for defendants.

FOLTA, District Judge.

In this suit to foreclose a mortgage, in which the plaintiff has joined the United States as a defendant under the authority of 28 U.S.C.A. § 2410, the United States has moved to dismiss the complaint for non-compliance with the provisions of subsection (b) of that statute.

The complaint alleges:

"That the defendants, the United States of America, a body politic, and Sullens & Hoss, Inc., a corporation organized and doing business under and by virtue of the laws of the Territory of Alaska, have or claim to have some interest or claim upon said premises or some part thereof for tax liens and labor liens or otherwise, which interest or claim, and each of them, are subsequent to and subject to the lien of the said mortgage hereinabove referred to."

28 U.S.C.A. § 2410(b) requires that:

"The complaint shall set forth with particularity the nature of the interest or lien of the United States."

The question presented is whether the complaint sets forth the nature of the lien with sufficient particularity.

430

The defendant contends that a statute waiving sovereign immunity must be strictly construed, and that unless the plaintiff fully complies with the terms of the statute, jurisdiction is not obtained over the United States, and in support thereof, it is asserted that the practice of alleging that the United States has an interest in the premises has become so general that if countenanced, it will result not only in the circumvention of the statute, but also in placing an onerous burden upon the government to search the records in each case and that the plaintiff should be compelled to comply with the statute referred by alleging the amount, dates, and nature of the lien, and other particulars.

On the other hand, the plaintiff argues that the United States is in a superior position to determine whether it claims any liens against specific property.

I am of the opinion that the provisions of the statute requiring such particulars to be stated must be given effect and that even a liberal constriction of this complaint will not suffice to save it. Sissman v. Chicago Title & Trust Co., 375 Ill. 514, 32 N.E.2d 132, 134.

The case of Blinn v. Bowdren, 198 Misc. 254, 97 N.Y.S.2d 146, is distinguishable since there the nature of the lien was set forth with much more particularity, and plaintiff's means of discovering facts concerning the lien were much more limited.

Motion granted and plaintiff is allowed 10 days in which to amend.