**TRI-STATE INSURANCE COMPANY,**
a corporation, Plaintiff,

v.

**The UNITED STATES of America,**
Defendant.

Civ. No. 6027.

United States District Court,
W. D. Oklahoma.

Feb. 14, 1955.

Looney, Watts, Ross, Looney & Smith, Oklahoma City, Okl., for plaintiffs.

Leonard L. Ralston, Asst. U. S. Atty., Oklahoma City, Okl., for defendant.

WALLACE, District Judge.

The plaintiff, Tri-State Insurance Company, an Oklahoma corporation, instituted this action against the United States to recover $49,000 which allegedly was wrongfully given by a third party to the Collector of Internal Revenue and thereafter placed in the United States Treasury at a time when plaintiff possessed a lien on such fund superior to the tax lien urged by the Collector in gaining possession of the money.[1] The Government, in moving to dismiss, challenges this Court's jurisdiction and specifically urges that this attempted action is not within those classes wherein the Government has waived immunity and consented to be sued.

In resisting the Government's motion plaintiff argues that this action in essence is one to foreclose an equitable lien on funds upon which the United States claims a tax lien, as distinguished from a claim of title, and that consequently jurisdiction is given by 28 U.S. C.A. § 2410(a).[2]

After reading all cases cited by counsel in their letter briefs the Court is of the opinion that it is without jurisdiction and that the Government's motion to dismiss should be sustained.

This ruling is based upon the following conclusions:

1. This action, in substance, is one to recover a money judgment against the United States; and, is not an action "affecting property on which United States has lien" as contemplated under 28 U.S.C.A. § 2410(a).[3]

---

1. The complaint alleges in substance that the fund in question was wrongfully turned over to the Collector by one Tom W. Stamey to satisfy Stamey's personal income tax obligations, at a time when said sum rightfully belonged to the plaintiff pursuant to the terms of an agreement between plaintiff, as surety, and Stamey Construction Company, a co-partnership; that said partnership contractor in consideration of plaintiff's furnishing performance and payment bonds to the Oklahoma Turnpike Authority in connection with certain partnership road construction contracts agreed, among other things, to hold in trust all payments received as a loan by assignment of amounts due on the contracts such trust fund to be used for payment of obligations incurred for labor, material, and services in performance of the road contracts; that the contested fund was such a loan but nonetheless was given to the Collector by Tom W. Stamey at a time when Stamey knew the partnership contractor was in default and thus wrongfully used this sum which was a trust fund both under the agreement with plaintiff surety and by virtue of his legal capacity as administrator of the Stamey Construction Company, a co-partnership, which Tom W. Stamey was operating due to the death of C. W. Stamey, one of the partners.

2. This section provides: "Under the conditions prescribed in this section and section 1444 (making foreclosure actions against the United States removable) of this title for the protection of the United States, the United States may be named a party in any civil action or suit in any district court * * * to quiet title to or for the foreclosure of a mortgage or other lien upon real or personal property on which the United States has or claims a mortgage or other lien."

3. It is apparent that at this juncture the United States is claiming ownership of rather than a lien on the sum in question. Regardless of the legal propriety of Tom W. Stamey in turning this sum over to the Collector such sum was voluntarily paid, without notice to the Collector of other claims and as a result thereof the United States discharged its

2. This action is not a suit to recover taxes so as to come within the jurisdictional purview of 28 U.S.C.A. § 1346(a) (1).[4]

3. This action cannot be founded upon 28 U.S.C.A. § 1346(a) (2) because the asserted claim exceeds the sum of $10,000.[5]

Counsel should submit a journal entry which conforms with this opinion within fifteen days.

tax liens against the taxpayer and placed the money in the United States Treasury. As ruled in Sissman v. Chicago Title & Trust Co., 1941, 375 Ill. 514, 32 N.E.2d 132, this section does not include consent to be sued where the United States is claiming title and not a lien. Cf. Sheehan v. Hunter, 8 Cir., 1943, 133 F.2d 303, which held that Collector who had seized property or money belonging to a bankrupt estate, in collection of unpaid taxes, and has covered the proceeds into Treasury of United States, is not subject to a turnover order in bankruptcy for summary restoration of the property or funds. Distinguish the instant case from Shelton v. Gill, 4 Cir., 1953, 202 F.2d 503, and, Adler v. Nicholas, 10 Cir., 1948, 166 F.2d 674, where the property in controversy was not in the possession of the United States and had not been placed in United States Treasury.

4. Said section reads in part: "Any civil action against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or any penalty claimed to have been collected without authority or any sum alleged to have been excessive or in any manner wrongfully collected under the internal-revenue laws, * * *". The instant case cannot be deemed one to "recover taxes" inasmuch as the taxpayer is not suing to recover.

5. Said section provides in part: "Any other civil action or claim against the United States, not exceeding $10,000 in amount, * * *". Read Aktiebolaget Bofors v. United States, 1951, 90 U.S.App.D.C. 92, 194 F.2d 145; Hammond-Knowlton v. United States, 2 Cir., 1941, 121 F.2d 192, certiorari denied 314 U.S. 694, 62 S.Ct. 410, 86 L.Ed. 555.