Walter A. Lynch, J.
Motion to dismiss the complaint as to the defendant, United States of America on the ground that this court lacks jurisdiction for failure of the plaintiff to comply with the provisions of subdivision (h) of section 2410 of title 28 of the United States Code is denied.
This is an action brought to foreclose a mortgage on certain real property and the United States of America is made a defendant by reason of the fact that it is not known whether defendant James Crombin is dead or alive and in the event of his death there may he unpaid inheritance taxes due the defendant United States of America. It is the contention of the movant that the allegations of the complaint do not set forth with particularity the nature of the interest or lien of the United States as provided by Federal statute and therefore this court lacks jurisdiction over the United States with regard thereto.
*621 The plaintiff contends that she has particularized the nature of the lien by setting forth all available facts and shows that she was only able to secure jurisdiction over the defendant James Crombin by securing from this court an order for service of process by publication after establishing to the satisfaction of the court that the whereabouts of the defendant James Crombin was unknown and that it was not even known whether said defendant “ is dead or alive.”
The fact that the United States has appeared generally in this action with respect to its lien against defendants other than James Crombin does not preclude it from making the instant motion.
On the merits of the application the court is of the opinion that under the circumstances of this case where the Supreme Court has granted an order for publication of process against the defendant James Crombin, plaintiff has shown reasonable diligence in ascertaining the whereabouts of the said defendant. Being unable to locate him and having no knowledge whether he was alive or dead, it is manifestly impossible to allege the nature of the possible lien of the United States other than as shown in the language of the complaint. This is not a case where out of an abundance of caution, the United States is made a party defendant. Under generally similar circumstances, it has been held that the statute has been complied with. (Profaci v. Mamiapro Realty Corp., 130 N. Y. S. 2d 851; Blinn v. Bowdren, 198 Misc. 254.)