**TRUSTEES OF THE PURITAN CHURCH, Appellants**

v.

**UNITED STATES of America, Appellee.**

No. 16226.

United States Court of Appeals District of Columbia Circuit.

Argued June 7, 1961.

Decided July 13, 1961.

Petition for Rehearing Denied Sept. 11, 1961.

1. Appellant appears to have abandoned this claim on appeal since it is not mentioned in the Questions Presented or in points in the brief.

Mr. Henry Lincoln Johnson, Jr., Washington, D. C., for appellants.

Mr. Charles B. E. Freeman, Attorney, Department of Justice, of the bar of the Supreme Judicial Court of Massachusetts, pro hac vice, by special leave of court, with whom Asst. Atty. Gen. Louis F. Oberdorfer, Messrs. David Acheson, U. S. Atty., Lee A. Jackson, Attorney, Department of Justice, and Mrs. Ellen L. Park, Asst. U. S. Atty., were on the brief, for appellee.

Before EDGERTON, FAHY and BURGER, Circuit Judges.

PER CURIAM.

The District Court dismissed the complaint which sought first the return of realty seized and sold on execution by the United States in satisfaction of certain tax liens, and second, damages [1] for the wrongful detention of the property.

The District Court held that the suit for recovery of the realty was an unconsented suit against the United States and hence the court was without jurisdiction. The court then went on to pass on the merits of the claim assuming, arguendo, that it had jurisdiction, and held that the sale of the realty in partial satisfaction of appellants' transferee tax liability was valid.[2]

2. See Kennedy v. Puritan Church, decided Nov. 13, 1958 (2 A.F.T.R.2d 6260); Puritan Church Building Fund v. United States, 1958, 103 U.S.App.D.C. 174, 256 F.2d 888, certiorari denied, 1959, 358 U.S. 927, 79 S.Ct. 313, 3 L.Ed.2d 301.

Title 28 U.S.C. § 2410 upon which appellants rely waives the sovereign immunity of the United States to suits to quiet title to real property on which the United States has a lien or a mortgage. The suit is not a suit to quiet title, but to recover property the title to which is in the United States, a form of action as to which 28 U.S.C. § 2410 does not waive sovereign immunity. See Sissman v. Chicago Title & Trust Co., 1941, 375 Ill. 514, 32 N.E.2d 132. Appellant relies on 28 U.S.C. § 2463 but that statute applies only to personal property.

Affirmed.