In the Matter of the Application of the County Treasurer and Ex Officio County Collector of Cook County, Illinois, for Judgment and Order of Sale Against Real Estate Returned Delinquent for Nonpayment of General Taxes for the Year 1962 and Prior Years.
Petition of William B. Levy, Trustee, for a Tax Deed.
Federal Savings and Loan Insurance Corporation, a Corporation Organized Under the Laws of the United States, Petitioner-Appellant, v. William B. Levy, Trustee, Respondent-Appellee.

Gen. No. 52,535.

First District.

June 6, 1969.

Rehearing denied July 3, 1969.

David J. Shipman and John F. McCarthy, of Chicago (McCarthy and Levin, of counsel), for appellant.

Blair & Buyer, of Chicago (Allan L. Blair, Bruce M. Buyer and Raymond J. Miller, of counsel), for appellee.

ALLOY, J.

The record in this case indicates that Second Federal Savings and Loan Association of Chicago held a mortgage on certain real estate in Cook County. This mortgage was assigned by Second Federal to Federal Savings and Loan Insurance Corporation, a United States corporation. Prior to such assignment, the owner of the property had failed to pay the 1962 real estate taxes on the lots. On January 17, 1964, the 1962 Judgment, and Sale, Forfeiture and Redemption Record were filed in the Cook County Circuit Court and an order was entered directing a sale of all delinquent property. The tax sale was held on March 4, 1964, and Interstate Bond Company purchased the two lots and the certificates of purchase were issued to Interstate. Thereafter, Interstate paid the 1964, 1965, and 1966 taxes on the lots. The period of redemption, normally two years, was extended by Interstate until November 30, 1966. As noted, the assignment of the mortgage to the Federal Insurance Corporation was made after the tax sale on March 4, 1964, on July 16 of that same year. Following the assignment, the Federal Insurance Corporation foreclosed its mortgage and obtained a Master's Deed to the lots on April 29, 1966.

A few months later, on July 1, 1966, Interstate Bond filed petitions for Tax Deeds. Notice of such petitions was personally served on LaSalle National Bank as the party in whose name the real estate was last assessed for general taxes. It had no interest in the property at the time. Personal service was also made upon the occupant of the property, a Melvin Katz. Notice was also served on Federal Savings and Loan Insurance Corporation by service on one Janice Bell, an employee of Federal Savings and Loan Insurance Corporation, at its Chicago office at 7666 West 63rd Street, Summit, Illinois. Janice Bell made an investigation in her office to determine what interest the corporation had in these lots. The office in which Janice Bell was located only handled

certain property and was not handling the particular property involved. Following her investigation in her own office, she returned the notice to Interstate Bond indicating her office had no record of any interest in the lots. The Washington, D. C. office of Federal Insurance Corporation was actually handling the property and had hired Second Federal Savings and Loan Association of Chicago to manage the property, which was improved with a garage-type building. The Summit, Illinois, office of the Federal Insurance Corporation, which was the only office of the corporation listed in the Chicago telephone book, had no information on the lots since it was not managing such real estate.

A federal statute creating the Federal Savings and Loan Insurance Corporation provided as follows:

> "§ 1725. Creation of Federal Savings and Loan Insurance Corporation.

> . . . . . .

> "(c) On June 27, 1934, the Corporation shall become a body corporate, and shall be an instrumentality of the United States, and as such shall have power—

> "(1) To adopt and use a corporate seal.

> "(2) To have succession until dissolved by Act of Congress.

> "(3) To make contracts.

> "(4) To sue and be sued, complain and defend, in any court of competent jurisdiction in the United States or its Territories or possessions or the Commonwealth of Puerto Rico, and may be served by serving a copy of process on any of its agents or any agent of the Federal Home Loan Bank Board *and mailing a copy of such process by registered mail or by certified mail to the Corporation at Washington, District of Columbia.*" (Emphasis ours.)

11

The parties stipulated that no copy of any process was mailed to the Federal Insurance Corporation in Washington, D. C. No notice of any kind was served on Second Federal Savings and Loan Association of Chicago, as apparently Interstate Bond had no knowledge that it was involved in the management of the property for Federal Insurance Corporation. On December 7, 1966, the trial court entered an order directing the County Clerk to issue Tax Deeds to William B. Levy, Trustee, the assignee of Interstate Bond Company. The order contained a recital of a standard provision:

> "5. That all notice as required by law has been given and petitioner, William B. Levy, Trustee, has complied with all the provisions of law entitling it to a tax deed to said parcel of real estate."

Thereafter, on April 5, 1967, Federal Insurance Corporation filed a petition under section 72 of the Civil Practice Act (1967 Ill Rev Stats, c 110, § 72). The action was filed to set aside the tax deeds issued pursuant to the order of December 7, 1966. It was alleged that the failure to mail the copy of process to the Washington, D. C. office of the Federal Insurance Corporation, made the proceedings void and deprived the trial court of jurisdiction to enter its order of December 7, 1966, and that the court should exercise its equitable jurisdiction in setting aside such order and granting relief to petitioner. The facts were stipulated by the parties hereto. The trial court denied the petitions to set aside the tax deeds and the Federal Insurance Corporation has appealed to this Court asserting that such relief should have been granted pursuant to the petitions filed under section 72 of the Civil Practice Act for the reason that jurisdiction over it was lacking in the proceedings for the tax deeds and that such error appears on the face of the record of those proceedings, and that justice and fairness require the granting of such relief.

If petitioner had not been a federal corporation with special rules for service and immunity, a failure to comply with the notice requirements of sections 263 and 266 of the Illinois Revenue Act (1967 Ill Rev Stats, c 120, §§ 744, 747) would not have justified setting aside an order of the type involved in this case unless there was a showing of fraud. The recital as to the giving of notice would have been conclusive unless fraud was involved (Dahlke v. Hawthorne, Lane & Co., 36 Ill2d 241, 222 NE2d 465). That would have been the result even if the error was apparent on the face of documents presented in the application for the deed (Southern Illinois Power Cooperative v. Lowery, 79 Ill App2d 180, 224 NE2d 32). The fact that petitioner in the case before us was a federal corporation and an arm of the United States Government, creates an exception to the general rule heretofore recited. To meet the issue, appellee has asserted that the proceeding for a tax deed in the instant case should be considered to be an in rem proceeding as against real estate, rather than as a suit against the Federal Insurance Corporation. In support of this position, appellee cites section 1725(e) of the National Housing Act (the Act creating the Federal Insurance Corporation) which provides:

> "Any real property of the corporation shall be subject to state, territorial, county and municipal, or local taxation to the same extent according to its value as other real property is taxed."

No case cited by appellee, however, passed directly on the question involved in the instant case. The cases cited by the Federal Insurance Corporation, appellant (Sissman v. Chicago Title & Trust Co., 375 Ill 514, 32 NE2d 132; Messenger v. United States, 231 F2d 328) involved actions for personal service and are not exact precedents in proceedings involving tax deed matters, even though such cases emphasize the necessity of serving written notice

as required by statute when suing an arm of the sovereign.

The decision in People v. Georgeoff, 32 Ill2d 534, 207 NE2d 466, is of aid in determining the issue before this Court. The Georgeoff case involved some property at the end of the Lewis and Clark Bridge over the Mississippi River. The State of Missouri owned the property for a number of years. Real estate taxes were levied as against the property and were not paid. A deed dated December 30, 1959, conveyed the property to the State of Illinois, and this deed was recorded on January 7, 1960. On January 4, 1960, an order was entered ordering the property sold for delinquent taxes and the property was sold to Georgeoff on January 12, 1960. Georgeoff paid the subsequent taxes. On September 11, 1961, Georgeoff petitioned for a tax deed and personally notified the State of Illinois by serving the Governor and the Department of Public Works. An order was entered directing issuance of a tax deed to Georgeoff and the State appealed. The State of Illinois argued that the constitutional provision that "the State of Illinois shall never be made defendant in any court of law or equity" prevented any tax deed proceeding against the State of Illinois because of lack of jurisdiction. The Illinois Supreme Court, in reversing the order for a tax deed, concluded that this proceeding was in effect a proceeding against the State of Illinois which was prohibited by the constitution. The court said specifically (at page 537):

> "The determinative factor is the constitutional proscription contained in section 26 of article IV above quoted. The tax purchaser argues that the State is not actually a party defendant to these proceedings, but was simply the recipient of notice of the petition for tax deed and hearing thereon. Our decisions are to the contrary. In In re Petition of City of Mt. Vernon, 147 Ill 359, a special assessment proceeding, we said (p 363): 'The statute requires that notice

14

of the assessment shall be sent by mail to the owner of the property, and that notices shall be posted and published. . . . We think, that when the State is thus called into the county court to defend a proceeding against its property, it is made a defendant in the sense contemplated by the constitutional prohibition.' In Posinski v. Chicago, Milwaukee, St. Paul and Pacific Railroad Co., 376 Ill 346, an injunction proceeding against a State agency, we stated (p 351) : 'Since the property of the State is involved, the State is directly and adversely affected by the suit and decree, and the decree must be held to be against the State.' (See also Schwing v. Miles, 367 Ill 436, 444, and Noorman v. Department of Public Works and Buildings, 366 Ill 216; Moline Tool Co. v. Department of Revenue, 410 Ill 35, 37.)"

The City of Mt. Vernon case referred to in the Georgeoff opinion, involved a special assessment for paving of streets. The court in that case stated specifically (at page 364) :

"Although no judgment in personam is rendered against the owner, yet it cannot be said, that he is not a defendant, in view of the provisions made for his notification, appearance and contest against the confirmation of the assessment."

■■ It is noted that the Georgeoff case, in its conclusion, determines that the proceeding is not merely an in rem proceeding but is an action as against the property owner. While the Georgeoff case does not construe questions of federal immunity and requirements to be met in suing a federal corporation, it does establish a precedent that a tax deed proceeding in this State has been held to be a suit as against a sovereign and not merely an in rem proceeding. When we apply such decision to the facts in the instant case, the Georgeoff case appears to require a determination that the tax deed

15

proceeding in the instant case was a suit against Federal Insurance Corporation. That being the case, the requirements to obtain jurisdiction over the Federal Insurance Corporation must be met including service of a copy of notice on the Washington, D. C. office. As stated in Sissman v. Chicago Title & Trust Co., 375 Ill 514, 32 NE2d 132 (at page 518):

> "The statute authorizing the instituting of a suit against a sovereign must be strictly construed in favor of the sovereign."

While this conclusion may not be palatable to those seeking to acquire jurisdiction of government agencies as property owners, we feel that under the precedent in the Georgeoff case, this is the result which must obtain.

The only question which remains is whether section 1725(e) of the National Housing Act alters the conclusion in respect to this case. Said Section provides:

> "Any real property of the corporation shall be subject to state, territorial, county and municipal, or local taxation to the same extent according to its value as other real property is taxed."

In the Georgeoff case to which we have referred, there was no provision similar to such section 1725(e) of the National Housing Act. Said section 1725 does not in its provisions either directly or by implication put Federal corporations in the same category as private taxpayers. In United States v. Nelson, 91 F Supp 557, property involved belonged to the Reconstruction Finance Corporation and the act creating such federal corporation contained a provision similar to section 1725(e) of the National Housing Act. When the Cook County Treasurer in that case attempted to collect not only the real estate taxes, but interest and penalties, the Federal Government objected, and the court concluded that interest and penalties were not collectible. A similar conclusion

16

was reached in Reconstruction Finance Corp. v. Texas, 229 F2d 9. It is, therefore, apparent that federal corporations are not to be treated the same as individual or private taxpayers with respect to enforcement procedures in collection of delinquent taxes.

We are conscious of the desirability of creating stability in the procedure involving tax deeds. The problem confronting the trial court and which is now before us, however, involves a federal insurance corporation. The parties admit that there was no service in accordance with the provisions of section 1725(c) which required a service of a copy of process by registered or certified mail to the corporation at Washington, D. C. Such mailing of the copy of process was a requirement incorporated in the very Act providing that the Federal Insurance Corporation may be sued. We must, therefore, conclude that the notice required by law has not been given since the federal statute was not complied with (Regan v. Kroger Grocery & Baking Co., 386 Ill 284, 299, 54 NE2d 210). This being the case, the order of the Circuit Court of Cook County should be reversed.

The judgment of the Circuit Court of Cook County is hereby reversed and cause is remanded to the Cook County Circuit Court. The parties have stipulated that there remains only a problem of disposition of proceeds of the sale of the real estate in this cause. Tax buyer has been reimbursed and the net equity resulting from the sale in the sum of $25,000 has been deposited with the Clerk of the Cook County Circuit Court. The Circuit Court of Cook County is, therefore, directed to order disbursement of the sum of $25,000 on deposit with the Clerk of such Court to Federal Savings and Loan Insurance Corporation.

Reversed and remanded with directions.

STOUDER, P. J. and RYAN, J., concur.