**Lloyd G. BUCHLER et al., Plaintiffs,**

**v.**

**The UNITED STATES of America, Defendant.**

**Civ. No. S-2624.**

United States District Court, E. D. California.

Nov. 11, 1974.

**710**

Lloyd G. Buchler, Sacramento, Cal., for plaintiffs.

Dwayne Keyes, U. S. Atty., Richard H. Jenkins, Asst. U. S. Atty., Sacramento, Cal., for defendant.

## MEMORANDUM AND ORDER

MacBRIDE, Chief Judge.

A 2.51-acre parcel of land situated within the City of Sacramento, California, is the subject matter of this action. Plaintiffs, owners in fee of the subject land, seek to quiet title thereto as against the United States. Jurisdiction of the Court is invoked pursuant to Title 28 U.S.C. § 2409a, and the case is here on the motion of the United States to dismiss pursuant to Federal Rules of Civil Procedure 12(b).

This case presents interesting and novel questions of law dealing with the interpretation and application of a relatively new statute, 28 U.S.C. § 2409a. On October 25, 1972, the United States, for the first time waived sovereign immunity and consented to be sued as a party defendant in a quiet title action by the enactment of 28 U.S.C. § 2409a, Public Law 92–562, 86 Stat. 1176.

To a limited degree, the United States had already been amenable to suits relating to land title in specific instances, and those situations remain intact in accordance with subsection (a) of § 2409a. It is there provided that § 2409a does not apply to actions which may or could be brought under sections 1346, 1347, 1491, or 2410 of Title 28; sections 7424, 7425, or 7426 of Title 26 [the Internal Revenue Code of 1954, as amended]; or section 666 of Title 43. For example, the Tucker Act, 28 U.S.C. § 1346(a)(2) grants consent of the United States to be sued when the plaintiff alleges that his property has been taken in violation of the Constitution; provision for suits to partition property in which the United States is a joint tenant or a tenant in common is made pursuant to 28 U.S.C. § 1347; and 28 U.S.C. § 2410 allows suits to be maintained when the Government's claim is in the nature of a security interest only.

Prior to enactment of 28 U.S.C. § 2409a, however, individual citizens were unable to bring a simple quiet title action against the United States due to the doctrine of sovereign immunity. As noted in the legislative history of § 2409a [1972 U.S.Code Cong. and Admin.News, p. 4552], the main objection in the past to waiving sovereign immunity in this area had been that should a citizen be able to prove that he had title to the land, it might be possible to force the United States from possession and thereby interfere with the operation of the Government. The language of subsection (b) of § 2409a provides for this situation. Under that subsection, it is noted that if

the final determination of a court is adverse to the United States, the Government may elect to retain possession or control of the real property or any part thereof upon payment to the person determined to be entitled thereto of an amount which the district court in the same action shall determine to be just compensation for such possession or control.

The United States has moved to dismiss on the grounds that this Court lacks jurisdiction and that the complaint fails to state a claim against the United States upon which relief can be granted. The essence of the United States' motion is that the complaint fails to comply with the provisions of § 2409a in that it does not set forth with particularity (1) the nature of the right, title, or interest of plaintiffs' claim in the real property subject to this action; (2) the circumstances under which it was acquired; (3) the right, title, or interest claimed by the United States of America, and (4) the date on which the plaintiffs or their predecessors in interest knew or should have known of the claim of the United States. The United States relies on subsections (c) and (f) of § 2409a as authority for its motion:

"(c) The complaint shall set forth with particularity the nature of the right, title, or interest which the plaintiff claims in the real property, the circumstances under which it was acquired, and the right, title, or interest claimed by the United States.

\* \* \* \* \* \*

(f) Any civil action under this section shall be barred unless it is commenced within twelve years of the date upon which it accrued. Such action shall be deemed to have accrued on the date the plaintiff or his predecessor in interest knew or should have known of the claim of the United States."

(1) The nature of the right, title or interest of plaintiffs' claim in the real property subject to this action.

The plain meaning of § 2409a(c) requires plaintiffs in quiet title actions against the United States to set forth with particularity the nature of their right, title or interest, the circumstances under which it was acquired, and the right, title or interest claimed by the United States. The legislative history of § 2409a [1972 U.S.Code Cong. and Admin.News, pp. 4547–4557] is silent on the Congressional intent or purpose in enacting § 2409a(c). It would appear, however, that subsection (c) was a Congressional recognition of the United States' position as an extensive landowner and a desire to expedite the task of the United States in responding to quiet title complaints. In any case, the language of § 2409a(c) is clear and it becomes necessary to determine whether the complaint in this action sets out the required information with particularity.

In their complaint, plaintiffs allege that they "are and were the owners in fee simple of that certain parcel of real property and all improvements thereon situated in the City of Sacramento, County of Sacramento, State of California, and more particularly described as follows: [there follows a detailed metes and bounds description of the land in question]." Since plaintiffs both describe the land in question and their interests thereto as feeholders, the complaint sufficiently sets forth with particularity the nature of the right, title, or interest which the plaintiffs claim in the real property, in compliance with § 2409a(c).

(2) The circumstances under which the land in question was acquired.

■■ . The complaint, however, fails in any way to describe "the circumstances under which it [the land] was acquired," as specifically required by § 2409a(c). The United States is entitled to have this information set out in the complaint with particularity. Plaintiffs' failure to set out this information is a defect in pleading which might properly have been attacked by a motion for a more definite statement under F.R C.P. 12(e), but which may also be properly attacked by a motion to dismiss under F.R.C.P. 12(b). 5 Wright and Miller,

Federal Practice and Procedure: Civil § 1376, p. 733 (1969).

(3) The right, title, or interest claimed by the United States of America.

Section 2409a(c) finally requires that the complaint set out with particularity the right, title, or interest claimed by the United States. The complaint in this action merely notes that "the claim or claims of said defendant [United States] is without any right whatever and said defendant has no right, title, estate, lien or interest whatsoever in said real property or any part thereof." Further, plaintiffs pray that the United States be required to set forth the nature of the claim or claims it might have as against plaintiffs.

Clearly, § 2409a(c) requires *plaintiffs* to set forth the interest claimed by the United States and does not require the alternative as plaintiffs suggest. Nevertheless, plaintiffs vigorously argue that it is simply impossible for them to set out with particularity the interests claimed by the United States because all the information acquired by plaintiffs over a period of ten years prior to filing of the complaint indicated that the United States makes no claim to the land subject to this action.

To fully understand plaintiffs' position in this regard, a brief history of the evolution of this case is necessary. According to plaintiffs' memorandum filed with this Court, the entire problem began when Western Title Insurance Company, insuring the title of the plaintiffs on the purchase of the land in question in June of 1961, showed as a cloud on the title, rights of Central Pacific Railroad and the United States in and to the land. The rights of the Central Pacific and the United States arose from a Congressional grant relating to land on each side of the Central Pacific's right of way, under an Act of Congress passed July 1, 1862, 12 Stat. 489, and amendments thereto. Plaintiffs, thereafter, were able to obtain a quitclaim deed from Southern Pacific Company [successor in interest to Central Pacific], but the title company continued to refuse to remove the cloud on grounds that there remained a reversionary interest in the United States. Following communications with the Department of the Interior, plaintiffs received a letter on October 4, 1966, from the Office of the Solicitor of the Department of the Interior which stated that the United States "has no reversionary interest" in the subject land. Notwithstanding this letter, and two subsequent letters from the Department of the Interior disclaiming interest in the land, the title company would not remove the cloud.

After passage of 28 U.S.C. § 2409a, plaintiffs finally sought to quiet title to the land in question so as to remove the cloud from their fee. Assuming plaintiffs' allegations to be true, as we must on this motion to dismiss, Jenkins v. McKeithen, 395 U.S. 411, 421–422, 89 S.Ct. 1843, 23 L.Ed.2d 404 (1969, this Court cannot accept plaintiffs' conclusion that under the circumstances of this case, it is not necessary for the complaint to set out with particularity the United States' claim of interest to the land. The fact that the Department of the Interior may have waived any interest in the land in question is an issue going to the merits of the quiet title action. Here, the only issue is the sufficiency of the complaint in light of the Congressional mandate of § 2409a(c).

Although in fact the United States may have no valid interest in the land here in question, it is nevertheless the task of plaintiffs in their complaint to state with particularity the right, title, or interest *claimed* by the United States. This plaintiffs could have easily done here by alleging that the complaint was brought to quiet title as against the United States' claim of a reversionary interest in the land in question pursuant to the Act of July 1, 1862, 12 Stat. 489, as amended. As they failed to so allege, this defect in pleading is again subject to a motion to dismiss.

(4) The date on which plaintiffs or their predecessors in interest knew or should have known of the claim of the United States.

As a final basis for its motion to dismiss, the United States relies on §

2409a(f) and notes that the complaint has failed to allege the date on which the plaintiffs or their predecessors in interest knew or should have known of the claim of the United States.

Although the legislative history as to much of § 2409a is scanty, the history of subsection (f) is quite thorough. As originally proposed in the Senate, subsection (f) would have barred any action to quiet title unless it was begun six years after a claim accrued or within two years after the effective date of the Act, whichever was later. The original proposal was opposed by the Office of the Attorney General in a September 20, 1972, letter to the subcommittee of the Congress charged with the quiet title bill. In that letter, a different approach was suggested and in fact, this approach was adopted by the Congress in subsection (f). As noted in the letter:

"This provision [the original proposed subsection (f)] would make the bill fully retroactive and would put a substantial administrative burden upon the United States to give notice to individual claimants of interest in public lands of United States' claims to interests in those lands. Accordingly, the Department of Justice has opposed proposed subsection (f) as drafted.

As you know, the Department of Justice has been reluctant to open up stale claims to litigation. If the bill were made fully retroactive, there could be a flood of litigation on old claims, many of which had already been submitted to the Congress and rejected. However, we believe that a reasonable period of retroactive application of the bill would not put an undue burden on the Department and the courts, and we would be willing to accept a provision making the bill retroactive for twelve years.

Similarly, we suggest that the statute of limitations be extended from six to twelve years for quiet title actions. This will give claimants to land in which the United States also claims an interest ample time to bring suit without necessitating the United States'

having to defend against stale claims." Letter, September 20, 1972, from Mr. Erickson, Deputy Attorney General to the House Subcommittee Number 2, Committee on the Judiciary. [1972 Code Cong. and Adm.News pp. 4552, 4553]

The following excerpt from the letter is of especial importance to the instant case:

"As to the question of the time an action accrues for purposes of the running of the statute of limitations, we would suggest that the action be deemed to have accrued on the date the plaintiff or his predecessor in interest knew or should have known of the claim of the United States. We believe that this is a reasonable approach to the question of how to determine the time an action accrues. The plaintiff would merely have to state that he did not learn of the claim of the United States and had no reason to know of the claim more than 12 years prior to the filing of his claim. If the United States wished to assert that the statute of limitations had run, it would then have the burden of establishing this fact." Letter, September 20, 1972, from Mr. Erickson, Deputy Attorney General to the House Subcommittee Number 2, Committee on the Judiciary. [1972 Code Cong. and Adm.News p. 4553]

Clearly, therefore, it is incumbent upon plaintiffs in their complaint to allege the date on which they or their predecessors in interest knew or should have known of the claims of the United States. Again, as plaintiffs have failed to make this allegation, this defect in pleading is subject to a motion to dismiss.

### THE MOTION TO DISMISS

As noted, the United States' motion to dismiss under F.R.C.P. 12(b) is based on the grounds that the Court lacks jurisdiction and that the complaint fails to state a claim against the defendant upon which relief can be granted. There are seven enumerated grounds

on which a motion to dismiss under F.R.C.P. 12(b) may be granted, including both grounds asserted by the United States.

■■ As long as the complaint purports to set out a federal claim and that claim is not insubstantial and frivolous, this Court has subject matter jurisdiction. Wheeldin v. Wheeler, 373 U.S. 647, 83 S.Ct. 1441, ·10 L.Ed.2d 605 (1963); Baker v. Carr, 369 U.S. 186, 82 S.Ct. 691, 7 L.Ed.2d 663 (1962). The complaint here, though suffering from defects in pleading the required information pursuant to 28 U.S.C. § 2409a, does purport to set out a federal cause of action under that section and is not insubstantial and frivolous. Thus, a motion to dismiss cannot be granted in this case for lack of subject matter jurisdiction.

■■ On the other hand, a motion to dismiss is proper in this case for failure to state a claim upon which relief can be granted. As noted above, the complaint does fail to comply with the provisions of 28 U.S.C. § 2409a(c) and (f). A dismissal under F.R.C.P. 12(b) for failure to state a claim is generally not on the merits, however, and the Courts will typically give plaintiffs leave to file an amended complaint. Sidebotham v. Robison, 216 F.2d 816 (9th Cir. 1954); Hughes v. Johnson, 305 F.2d 67 (9th Cir. 1962). This generous procedure is in accord with the federal policy of deciding cases on the basis of the substantive rights involved rather than on technicalities, and that plaintiffs should be given every opportunity to cure a formal defect in pleading. This policy is especially relevant in the instant case where the law in question [28 U.S.C. § 2409a] is relatively new and no cases have yet been published dealing with its interpretation. As noted in Bonanno v. Thomas, 309 F.2d 320 (9th Cir. 1962), when the complaint is dismissed on the ground that it fails to state a claim, the order should inform plaintiff of the reason for dismissal so that he can make an intelligent decision as to amending.

In accordance with this reasoning, plaintiffs must be given an opportunity to amend, and the amended complaint must include: (1) the circumstances under which plaintiffs' acquired right, title or interest to the land in question, set forth with particularity; (2) the right, title or interest claimed by the United States, set forth with particularity; and (3) the date plaintiffs or their predecessors in interest knew or should have known of the claim of the United States.

It is therefore ordered that

(1) Defendant's motion to dismiss pursuant to F.R.C.P. 12(b) on the grounds that this Court lacks jurisdiction is denied;

(2) Defendant's motion to dismiss pursuant to F.R.C.P. 12(b) on the grounds that the complaint fails to state a claim upon which relief can be granted is granted, without prejudice to plaintiffs to file an amended complaint not inconsistent with this opinion.