**Ronald F. KOCH and Janice L. Koch, Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

No. 92–B–2081.

United States District Court, D. Colorado.

June 2, 1993.

Jon F. Sands, Bostrom & Sands, P.C., Denver, CO, for plaintiffs.

Paul Johns, Asst. U.S. Atty., Denver, CO, for defendant.

### MEMORANDUM OPINION AND ORDER

BABCOCK, District Judge.

The government moves to dismiss plaintiffs' action to quiet title pursuant to Federal Rule of Civil Procedure 12(b)(1) and (6). Jurisdiction of this court is invoked pursuant to Title 28 U.S.C. § 2409a (Supp.1993).

Plaintiffs filed an amended complaint along with their response to the governments' motion to dismiss. The government subsequently answered the amended complaint. I

consider the government's motion to dismiss as being addressed to the amended pleading to the extent defects raised in the motion remain in the new pleading. *See* 6 CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1476 (1990). Because I conclude that there are no defects in plaintiff's amended pleading, I will deny the government's motion.

## I.

Plaintiffs received a Warranty Deed to certain real property located in Pitkin County, Colorado, and claim that they are thereby record, fee owners of the subject property. On July 28, 1992, the United States, Department of Interior, Bureau of Land Management, advised plaintiffs that a certain Lot 9, Section 6, Township 9 South, Range 85 West (Lot 9), had never been patented into private ownership and is therefore public land, and asserted that the land allegedly owned of record by plaintiffs encompasses Lot 9. On October 20, 1992, plaintiffs commenced this action to quiet title to Lot 9, and joined the United States as a defendant by virtue of any interest it may claim by and through the United States Department of the Interior, Bureau of Land Management.

## II.

The government argues that this court lacks subject matter jurisdiction pursuant to Rule 12(b)(1) because the government has not waived its sovereign immunity as a result of plaintiffs' failure to comply with the conditions set forth in the Federal Quiet Title Act, 28 U.S.C. § 2409a(d). As an alternative to dismissal on the basis of lack of subject matter jurisdiction, the government contends that the complaint fails to state a claim upon which relief can be granted and seeks dismissal pursuant to Rule 12(b)(6). Specifically, the government argues plaintiffs have failed to set forth with particularity the right, title or interest claimed by the United States as required by § 2409a(d).

Section 2409a(d) requires that in a quiet title action:

> The complaint shall set forth with particularity the nature of the right, title or interest which the plaintiff claims in the real property, the circumstances under which it

was acquired, and the right, title, or interest claimed by the United States.

28 U.S.C. § 2409a(d) (Supp.1993).

The government relies on *City Bank of Anchorage v. Eagleston,* 110 F.Supp. 429 (D.C.Alaska 1953), in arguing that plaintiffs have not complied with the required level of particularity. In that case, it was held that the plaintiff did not comply with the particularity requirements of a similar statute when it made general allegations as to the claim or interest of the United States. *Id.* at 430.

Here, plaintiffs' original complaint provided:

> The Defendant claims some right, title or interest in and to the above-described real property adverse to Plaintiffs;

(Plaintiffs' Original Complaint, ¶ 5 at 1.)

Plaintiffs submit, however, that they have discharged their pleading obligation through the filing of their amended complaint which states:

> 7. The nature of the interest claimed by Defendant in the subject property and a description of the property claimed by Defendant are to the best of Plaintiffs' ability to describe the same, as set forth in Exhibit A hereto.
>
> 8. Accordingly, the Defendant asserts a fee interest in and to a portion of real property owned by the Plaintiffs, which interest is adverse to the interest of Plaintiffs.

(Plaintiffs' Amended Complaint, ¶ 7 & 8 at 2.)

I agree that under *City Bank of Anchorage,* plaintiffs original complaint is insufficient. However, in the amended complaint, plaintiffs have made more than a general allegation as to the interest of the government. Plaintiffs have identified the government's interest as a fee interest and referenced the attached letter it received from the United States Department of Interior which gave plaintiffs notice of the conflict of ownership of the property based on the Department's records showing that Lot 9 had never been patented into private ownership. A similar level of particularity was found sufficient in *Buchler v. U.S.,* 384 F.Supp. 709 (E.D.Cal.1974), which held that the particularity requirement of § 2409a(d) could have

been met merely by alleging that the United States claims a reversionary interest in the land in question pursuant to the applicable Congressional grant. *Id.* at 712.

I conclude that plaintiffs' identification of the government's interest is sufficient to meet the pleading requirements of § 2409a(d).

### III.

■ The government further asserts that the legal description of the subject property contained in the complaint is insufficient to identify the specific land or property to which plaintiffs seek to quiet title. Plaintiffs described the property as follows:

> Lots 4, 5, and 6 and Parcel D, ASPEN VILLAGE RIVER HOMES, according to the Plat thereof recorded July 19, 1984, in Plat Book 16 at Page 34. Except those portions previously conveyed to the Denver & Rio Grande West Rail Road.

In the amended complaint, plaintiffs added, "Said real property is located in Section 6, Township 9 South, Range 85 West." This addition is the description used by the government in notifying the plaintiffs of the conflict in ownership. In addition, plaintiffs attached a more particularized description of the subject property to the amended complaint. The statute, 28 U.S.C. § 2409a, is silent with respect to any requirements for pleading the description of the property. I conclude that plaintiffs have adequately identified the disputed property.

Accordingly, it is ORDERED that the government's motion to dismiss the complaint is DENIED.