772 A.2d 247 (2001)
In re Petition of S.J., Z.G., Appellant.
No. 01-FS-91.
District of Columbia Court of Appeals.
May 3, 2001.
*248 Lucy R. Edwards, Washington, D.C., for appellant.
Before FARRELL and REID, Associate Judges, and KERN, Senior Judge.
PER CURIAM:
On March 30, 2001, we dismissed the appeal in this case for lack of jurisdiction. We now deny appellant's motion for reconsideration and issue this brief opinion explaining the reason for the dismissal.
S.J. has petitioned to adopt her four year old foster child, Z.G. As part of that process, on October 4, 2000, following a hearing, the trial court waived the consent of the child's birth parents to the adoption after finding that the consent of both parents was being withheld contrary to the best interest of the child. D.C.Code § 16-304(e) (1997). The birth parents each appealed that determination. In the meantime, it appears, the trial court terminated the visitation rights of the appellant-father,[1] but he took no appeal from that order.
Generally speaking, this court has jurisdiction only over final orders and judgments of the Superior Court. D.C.Code § 11-721(a)(1) (1995). An order waiving a birth parent's consent to adoption is not a final order and may not be appealed until the adoption proceedings have been concluded. The reason is that only upon a final decree of adoption are the "rights and duties" of natural parents terminated. See D.C.Code § 16-312(a) (2000 Supp.). Although an order terminating parental rights is immediately appealable, see In re C.I.T., 369 A.2d 171, 173 (D.C.1977), no such order has been entered in this case.
Appellant argues that the order waiving consent should be appealable because *249 the trial court later terminated his visitation rights. We recently recognized that, at least in some circumstances, a parent "who has been denied all contact with her child is not precluded from challenging that denial on appeal until her parental rights have been terminated or an order of adoption has been entered." In re D.M., 771 A.2d 360 (D.C. 2001). Whether appellant fits within those circumstances is something we need not decide, because, as indicated, he took no appeal from the order barring visitation. We likewise reject the argument that the order waiving consent is appealable under D.C.Code § 11-721(a)(2)(A) as an order in the nature of an injunction. The waiver of consent dispenses with the need for parental consent to the adoption, but it is not an injunction.
For these reasons, the motion for reconsideration of the order dismissing the appeal is
Denied.
NOTES
[1] The record before us does not indicate whether or when the visitation rights of the mother were also terminated.