795 A.2d 688 (2002)
In re K.M.T. and
In re C.L.T.
E.A.T., Appellant.
Nos. 98-FS-1807, 98-FS-1870, 98-FS-270.
District of Columbia Court of Appeals.
Submitted March 28, 2002.
Decided April 11, 2002.
*689 Steven H. Schiff, Washington, DC, was on the brief, for appellant.
Jennifer A. Renton and Marion E. Baurley were on the brief, for appellee V.T.
Robert R. Rigsby, Corporation Counsel, Charles L. Reischel, Deputy Corporation Counsel, and Sheila Kaplan, Assistant Corporation Counsel, were on the brief, for appellee District of Columbia.
Stephen L. Watsky, Washington, DC, filed a statement in lieu of brief, for appellees K.M.T. and C.L.T.
John J. Connelly, Washington, DC, filed a statement in lieu of brief, for appellee G.I.
Before TERRY, SCHWELB, and GLICKMAN, Associate Judges.
PER CURIAM:
On July 9, 1996, K.M.T. and C.L.T. were removed from the custody and care of their mother, appellant E.A.T., and placed in shelter care. In January 1997 E.A.T. signed a stipulation which stated that, because of her alcoholism, there was a basis for concluding that her children were neglected within the meaning of D.C.Code § 16-2301(9)(C) (2001).[1] The Superior Court later adjudicated the children as neglected, and after a disposition hearing in April 1997, placed K.M.T. in foster care and entrusted C.L.T. to the care of his maternal grandmother, V.T.
Over the next eighteen months, the court held periodic reviews[2] and generally *690 continued the original dispositions. However, on February 5, 1998, the court found it necessary to reduce the frequency of E.A.T.'s visits with K.M.T. to once a month. E.A.T. noted an appeal (No. 98-FS-270) from that order. On November 17, 1998, the court held a permanency planning hearing in which it found that it was in the best interests of the children to change the goal of the proceedings from reunification of the children with their mother to long-term foster care, followed by independent living for the then fifteen-year-old K.M.T., and to permanent custody with a relative, possibly V.T., for C.L.T. E.A.T. noted two additional appeals (Nos. 98-FS-1807 and 98-FS-1870) from the orders changing the goal.
We consolidated all three appeals sua sponte, and E.A.T. filed her brief on the merits. The District of Columbia then filed a motion to dismiss, asserting that this court lacked jurisdiction over appeals Nos. 98-FS-1807 and 98-FS-1870, and arguing that E.A.T. had abandoned appeal No. 98-FS-207 by failing to address the change in visitation in her brief on the merits. After a motions division of the court referred the motion to this merits division, V.T. and the District of Columbia filed their respective briefs, and K.M.T., C.L.T, and appellee G.I., the father of C.L.T., filed statements in lieu of briefs.[3] E.A.T. never filed an opposition to the District's motion to dismiss, nor has she filed a reply brief addressing the District's jurisdictional arguments, which it reiterated in its brief on the merits.
This court has jurisdiction over all "final orders and judgments" of the Superior Court. D.C.Code § 11-721(a)(1) (2001). Although a final order need not be the last one in a proceeding,[4] an order is usually not final unless it completely resolves the case. In the context of neglect proceedings after the court has made an adjudication of neglect, finality has generally been held to mean either a restoration of physical custody, a termination of parental rights, or an adoption. An order that is merely a step toward one of those acts is therefore not final and appealable. See In re D.M., 771 A.2d 360, 365 (D.C. 2001); In re C.I.T., 369 A.2d 171, 173 (D.C.1977); see also In re A.H., 590 A.2d 123, 128 (D.C.1991) (trial court "necessarily retains jurisdiction over the custody of the children as long as the underlying neglect petition has not been finally resolved").
The District argues, and we agree, that appeals Nos. 98-FS-1807 and 98-FS-1870 should be dismissed because the permanency planning orders from which those appeals are taken did not finally dispose of the children's cases, but instead took only a step toward final disposition. In support of its argument, the District relies upon In re S.J., 772 A.2d 247 (D.C.2001), in which this court held that an order waiving a birth parent's consent to adoption is not final and appealable because it is only a step toward the final act of adoption and does not yet affect or alter the parent's legal rights with respect to the children. We see no material difference between these appeals and In re S.J., which we find dispositive. We hold accordingly that an order changing a permanency planning goal is not final or appealable. As the facts of this case demonstrate, such an order merely sets goals for *691 the children and does not affect the parents' substantive rights in any way.
While our holding arguably does not apply to appeal No. 98 FS 270, which was taken from an order modifying E.A.T.'s visitation rights,[5] we need not address the appealability question, since that appeal was effectively abandoned when E.A.T. failed to address the visitation issue either in her brief or in a reply brief (which she never filed). See, e.g., District of Columbia v. Walker, 689 A.2d 40, 42 n. 2 (D.C.1997); Ramos v. United States, 569 A.2d 158, 162 n. 5 (D.C.1990); Trustees of the Puritan Church v. United States, 111 U.S.App. D.C. 105, 105 n. 1, 294 F.2d 734, 734 n. 1 (1961). The appeal having been abandoned, we see no reason for it to remain on our docket of active cases.
For these reasons, the District of Columbia's motion to dismiss is granted, and all three of these appeals are hereby
Dismissed.
NOTES
[1] Section 16-2301(9)(C) defines a "neglected child" as a child "whose parent, guardian, or other custodian is unable to discharge his or her responsibilities to and for the child because of incarceration, hospitalization, or other physical or mental incapacity."
[2] Such reviews are required by D.C.Code § 16-2323(a)(1) (2001).
[3] The children, represented by counsel, have taken no position, and G.I. supports E.A.T.'s argument that the trial court deprived her of her due process rights in changing the goal from reunification to permanent placement. V.T.'s brief supports the District's arguments.
[4] See District of Columbia v. Tschudin, 390 A.2d 986 (D.C.1978); Seaboard & Western Airlines, Inc. v. Civil Aeronautics Board, 86 U.S.App. D.C. 9, 11, 181 F.2d 777, 779 (1949).
[5] See In re D.M., 771 A.2d at 365-366.