Peter Sissman, Appellant, v. Chicago Title and Trust Company, Trustee Under Trust Deed Recorded as Document No. 8939240, et al., Appellees.

Gen. No. 40,815.

Heard in the third division of this court for the first district at the October term, 1939. ▮▮▮▮ Opinion filed February 14, 1940.

PETER SISSMAN, *pro se.*

WILLIAM J. CAMPBELL, United States Attorney, SAM-UEL O. CLARK, JR., Assistant Attorney General and ANDREW D. SHARPE, Special Assistant Attorney General, for appellee United States; WILLIAM J. CAMPBELL, United States Attorney, of counsel.

MR. JUSTICE HEBEL delivered the opinion of the court.

This is an appeal by the plaintiff from an order of the circuit court of Cook county entered on March 22, 1939, setting aside and vacating as to the United States of America a decree of foreclosure, and orders incident thereto, entered on September 3, 1937.

The foreclosure proceeding was instituted by the plaintiff as mortgagee. The United States of America and others were made parties defendant for the reason, the plaintiff alleged, that they had or claimed some interest in the property involved as judgment creditors, lienors, lien claimants, or otherwise against the mortgagor of the property.

The defendant suggested that after the decree of foreclosure had been entered, the United States of America filed a petition on June 16, 1938, for an order vacating the decree of foreclosure, setting aside the sale made thereunder, and vacating the order appointing a receiver. The petition is in part as follows:

"In support of this petition, your petitioner respectfully shows that it had title to the said premises by virtue of the seizure and sale under date of February 11, 1930, by the Collector of Internal Revenue at Chicago, Illinois, under warrants of distraint for the nonpayment of income taxes as provided for by Sections 3188 to 3200, inclusive, of the Revised Statutes of the United States. Since the property was not redeemed within the period provided for in Section 3202 of the Revised Statutes of the United States, the Acting Collector, under date of March 23, 1931, executed deeds conveying the property to the United States of America, which deeds were recorded under date of May 29, 1931.

"Your petitioner further shows that at the trial of the above entitled cause the attorneys for your petitioner did not set up the title acquired as above stated, but relied solely upon a lien against said property.

"Your petitioner further shows that the United States of America has consented, by the Statute of March 4, 1931 (28 U. S. C. A. Section 901) to suits against it for the foreclosure of a mortgage, when it has a mortgage or other lien, but nowhere consented to a suit against it when it has *title* to the mortgaged premises."

The circuit court, upon petition and answer filed, found that at the time of the entry of the decree of foreclosure it did not have jurisdiction of the United States of America, and accordingly entered the order complained of in this appeal. This order declared the decree entered on September 3, 1937 to be a nullity as far as the rights of the United States were concerned as owner of the property involved, and ordered

that the same be vacated and set aside as to the United States of America, and that the United States be dismissed as a party to the proceeding. The order also vacated and set aside the orders ratifying the report of the master in chancery and appointing a receiver in the cause, as far as the rights of the United States were concerned, and ordered that the receiver appointed turn over possession of the property to the United States of America or its agents and file his final account and report. It was further ordered that the decree as to all parties other than the United States be ratified and confirmed.

The plaintiff's theory of the case is that the circuit court was without jurisdiction to entertain the petition of the appellee, the United States of America, filed June 16, 1938, as considerably more than 30 days had elapsed from the date of the entry of the final decree of September 3, 1937; that the petition on its face, even without answer, was wholly insufficient to justify the circuit court in granting the order entered on March 22, 1939; that by its petition the United States of America admits the senior and prior rights of the petitioner, and nowhere denies the priority of the mortgage dated June 9, 1925.

It is not denied by the plaintiff that the collector of internal revenue seized and sold the property in question in accordance with the provisions of the statutes, or that the United States appeared on the records of the State of Illinois as title holder of the property prior to the time foreclosure proceedings were instituted. Neither is it denied that the United States exercised acts of ownership and possession, such as collecting rents and ordering demolition of buildings, during the years between 1930 when the collector purchased the property for the United States, and 1936, when foreclosure proceedings were instituted.

It is contended by the petitioner that the United States of America is a sovereign and cannot be sued without its consent, nor can the Attorney General, or

his representative, confer such jurisdiction. *Stanley v. Schwalby,* 162 U. S. 255, and that consent must come within the provision of the first section of the act (U. S. C. A., title 28, sec. 901) which reads:

"That, upon the conditions herein prescribed for the protection of the United States, the consent of the United States be, and it is hereby given, to be named a party in any suit which is now pending or which may hereafter be brought in any United States district court, including those for the districts of Alaska, Hawaii, and Puerto Rico, and the District Court for the District of Columbia, and in any State court having jurisdiction of the subject matter, for the foreclosure of a mortgage or other lien upon real estate, for the purpose of securing an adjudication touching any mortgage or other lien the United States may have or claim on the premises involved."

It is argued that the statute quoted above specifically enumerates the instances in which the United States has consented to be sued, and limits that consent to those cases in which the United States may have or claim a mortgage or other lien on the premises involved, and it is contended that it is a fundamental rule that in the construction of statutes the enumeration of specific things is to be taken as an exclusion of all others, and therefore the language of the statute must be taken to exclude from its operation those instances in which the United States holds title to the property, and it is suggested that a lien is obviously different from title or ownership of property. According to Bouvier, a lien is "A hold or claim which one person has upon the property of another for some debt or charge." The case of *Seaboard All-Florida Ry. v. Levitt,* 105 Fla. 600, is cited, in which the court said: "A lien is not an estate or interest in land but a remedy against it." The United States Circuit Court of Appeals for the Second Circuit, in The Poznan, 9 F. (2d) 838, 846, stated: "Strictly speaking, a lien is not

either a jus in re or a jus ad rem. It is not a property in the thing itself, nor does it constitute a right of action for the thing. It rather constitutes a charge upon the thing.''

The plaintiff admits that there is but one authority and that is the Congress of the United States by which consent may be given to make the government a party to a lawsuit, and were it not for the fact that Congress did give that consent, the plaintiff would be in the position of being unable to invoke the rule of estoppel or other meritorious equitable claim against the conduct of the government through its authorized representatives, and calls our attention to the Revised Statute of the United States, sections 3187 and 3194, which provide for the sale by the collector of personal property of a distiller, and by sections 3196 and 3197, it is provided that if such property is insufficient the collector may sell the real estate after publication of notice of the sale and service of notice thereof, in writing, on the person whose estate it is proposed to sell.

Sections 3198 and 3199 provide for a deed from the collector to the purchaser at such sale which shall operate to convey ''all right, title and interest of the party delinquent.'' Plaintiff calls attention to the language of these sections as being almost identical with the language of the section of the Internal Revenue Act, and cites as authority the case of *Mansfield v. Excelsior Refinery Co.*, 10 Sup. Ct. 825, wherein the court said, among other things:

''When real estate is seized for taxes, the Commissioner of Internal Revenue may direct the institution of a suit in chancery in a district or circuit court of the United States, to enforce the lien of the United States for tax upon any real estate, or to subject any real estate owned 'by the delinquent' or in which 'he' has any right, title or interest, to the payment of such tax, to which suit all persons having lien upon, or

claiming any interest in the real estate sought to be subjected as aforesaid 'shall be made parties' and 'be brought into court as provided in other suits in chancery,' . . .'' And the court further said:

"But no such course was pursued. The officers of the government preferred to adopt the summary method of sale by the Collector upon notice and publication, as provided for in Section 3197. It may be conceded that, if the distiller had been the owner of the fee, a sale in that mode would have passed his interest subject to the rights of any prior encumbrancer, and subject to the rights of any subsequent encumbrancer, to redeem the premises."

Counsel argue further it is clear from the foregoing that by the seizure and sale made by the collector the United States of America acquired only the equity that Standard Beverage Corporation, the taxpayer, had in the property, and had only a redemption right as a lien claimant or equity holder and no more.

Counsel for the petitioner reply to the contention as made by the plaintiff in the foreclosure proceeding and call our attention to the fact that in the *Mansfield* case the taxpayer never owned the fee in the property involved, nor had any interest therein other than a leasehold. The court held that a summary sale of the premises passed the interest of the taxpayer, namely, a leasehold. But the court continued in its opinion:

"It may be conceded that if the distiller (taxpayer) had been the owner of the fee, a sale in that mode would have passed his interest subject to the right of any prior encumbrancer, and subject to the right of any subsequent encumbrancer to redeem the premises."

It is suggested further that in the instant case the taxpayer, the Standard Beverage Corporation, was the owner of the property, subject to an incumbrance, at the time the taxes were assessed. The collector's sale passed the interest of the taxpayer to the United States of America, making it the owner rather than a

mere lien claimant or equity holder, as contended by appellant. This distinction was recognized by the Supreme Court in *Blacklock v. United States,* 208 U. S. 75, 88, where the court said:

"While the *Mansfield* case recognized the right of the Government to proceed by a regular suit in equity, it also distinctly recognized its right to proceed, by distraint, and to sell the interest of the delinquent taxpayer, whatever such interest was, saving, of course, the rights of incumbrancers. In the present case the distiller was the owner of the fee when the lien of the Government for taxes accrued—a fact which distinguishes this from the *Mansfield* case."

However, from this record the United States of America is the owner of the property involved in this litigation. This deed provides that the 11th day of February, 1930, the deputy collector of internal revenue delivered to the United States of America a certificate in writing entitled, "Certificate of Sale," and it further appears from this certificate that the real estate seized from the Standard Beverage Corporation, 1225 South Campbell avenue, Chicago, Illinois, under warrants for distraint for the nonpayment of United States internal revenue taxes which were duly assessed and remained unpaid for more than 10 days after notice and demand had been served on the Standard Beverage Corporation, was declared by the deputy collector to be purchased for the United States as provided by sections 3196 and 3197, United States Revised Statutes, at public auction held in front of the premises owned by the Beverage Corporation for the sum of $95,000, and upon the expiration of one year from the date hereof, the owners of the real estate, or certain others having any interest in the property, did not redeem from the sale, the United States having duly presented and surrendered a certificate of purchase, the property in question was conveyed by the acting United States collector of internal revenue for the

First District of Illinois to the United States of America, by deed dated the 23rd day of March, 1931. (The legal description of the property is as set forth in this deed.)

So from this record it is apparent that the United States of America had title to the property, and the only question that we are concerned with here is did the section of the statute upon which the plaintiff relied provide that consent was given by Congress to make the United States a party as an owner of the real estate to the foreclosure proceeding instituted by the plaintiff. From the authorities as cited, we are controlled by the provision of this act upon which the plaintiff relies, and as we have indicated, this act provides that consent is given where the subject matter involved, as in the instant case, is the foreclosure of a mortgage or lien upon real estate, and it is only in such case that the United States is properly a party to the proceeding, and if the court did not have jurisdiction of the United States, then of course the court was justified in entering the order setting aside the decree of September 3, 1937, and vacating the orders entered therein, since the United States of America had not consented to be sued where it held title to the property involved, and therefore the court had no jurisdiction of the United States in that proceeding, and the decree was ineffective as to the rights of the United States of America and we are unable to agree that the decree had become final and could not be disturbed, as suggested by the plaintiff, after the expiration of 30 days from the date of its entry, and as suggested by the defendant, this want of jurisdiction renders the judgment in the case at bar a nullity so far as the United States is concerned, and the relief complained of by the plaintiff was merely dismissing the United States of America from the proceeding. This was proper as we view the record.

There is one other question which we wish to discuss, and that is whether the court properly exercised its jurisdiction in the entry of that part of the order which is: "It is further ordered that the receiver appointed in the above entitled cause forthwith turn over possession of the premises involved herein to the United States of America, or its agent, and that said receiver file his final report and account herein within ten days of this date. The rents now in the hands of the receiver, collected from said premises to be held by him and to abide the further order of this court."

As we view the record, the decree so far as it involves the appearance of the United States of America was vacated and set aside by the court, and the United States is now out of the case as a party, and it seems rather unusual that the court entered the order we have just recited, which in effect grants affirmative relief to the government, who, it is contended, is not a proper party to this proceeding, and so it seems but meet that this court leave the parties as it found them, in that the government is not entitled to the relief granted in this case, for the reason that the court was without jurisdiction, and that part of the order that we have cited is erroneous and should not have been entered by the court.

The order is affirmed except as to the provision which we have quoted with reference to directions to the receiver, and that part of the order is reversed.

*Affirmed in part and reversed in part.*

DENIS E. SULLIVAN, P. J., and BURKE, J., concur.