CITIES SERVICE OIL COMPANY *et al.*, Plaintiffs, *v.* THE VILLAGE OF OAK BROOK, Defendant-Appellee.—(FRANK MITCHELL *et al.*, Plaintiffs-Appellants.)

Second District   No. 79-402

Opinion filed May 13, 1980.—Rehearing denied June 24, 1980.

Richard L. Hoffman, of Skokie, for appellants.

John H. Brechin, of Village of Oak Brook, for appellee.

Mr. JUSTICE VAN DEUSEN delivered the opinion of the court:
Plaintiffs, First National Bank of LaGrange as trustee under Trust No. 1090, and Frank Mitchell, a beneficiary, bring this appeal from an order of the circuit court of Du Page County entered May 3, 1979, denying their motion after judgment and from the judgment order entered March 8, 1979.

This matter has a rather lengthy history. Cities Service Oil Company originally filed an action seeking a declaratory judgment that setback restrictions of the zoning ordinance of the village of Oak Brook were void as applied to an existing gasoline station which it sought to improve and enlarge (Parcel 2) and that use restrictions were void as to its adjoining property (Parcel 1). The trial court entered its decree on February 18, 1972, granting the requested relief, based on the specified use proposed. This court affirmed in *Cities Service Oil Co. v. Village of Oak Brook* (1973), 15 Ill. App. 3d 424.

On June 20, 1977, the defendant, village of Oak Brook, filed its petition for a rule to show cause against the present plaintiffs for failure to comply with the terms of the original decree. A hearing was had on said petition, without a jury. On December 19, 1978, at the conclusion of the hearing, the trial judge orally made certain findings, announced her proposed decision, and directed the village's attorney to prepare a written order accordingly. The trial judge expanded her findings in a letter to the parties dated December 20, 1978, and directed that these additional findings also be contained in the written order. The proposed judgment order was never entered. Rather, on January 20, 1979, an order was entered granting the motion of the village to withdraw its motion for entry of judgment, and leave was granted to the village to file its amended petition instanter. Rather than seeking a contempt finding, the amended petition sought a permanent injunction which would mandate that the plaintiffs use the subject property exclusively for an automobile service station and enjoin them from certain specified activities allegedly in violation of the original decree and of the village's ordinances which were allegedly incorporated by implication therein. On the basis of proofs already heard, the trial judge granted the permanent injunction in a written order entered on March 8, 1979. Subsequently, plaintiffs tendered to the court a "supplemental order" and moved for its entry. In effect, this "supplemental order" purported to set forth in writing the decisions and rulings the court orally announced on December 19, 1978, and expanded by the court in its letter of December 20, 1978. The court refused to enter this "supplemental order" and denied plaintiffs' motion. This appeal followed.

In substance, all of the issues raised by the plaintiffs on appeal concern questions of the court's jurisdiction.

■ At the outset, plaintiffs contend that this court lacks jurisdiction to entertain this appeal. They reason that once the trial judge had orally announced her findings and the decision in the case on December 19, 1978, and as expanded in her letter of December 20, 1978, and had directed defendant's attorney to reduce it to writing, such ruling, pursuant to Supreme Court Rule 272 (Ill. Rev. Stat. 1977, ch. 110A, par. 272), did not become a final order until actually reduced to writing, signed and filed. Plaintiffs' attorney then cites *Green v. Green* (1974), 21 Ill. App. 3d 396, as authority for his rather novel contention that until the oral decision is reduced to writing, signed and filed, the entire proceedings are in a state of temporary abeyance and the court has no jurisdiction to proceed further until such is accomplished. *Green v. Green* stands for no such proposition. It holds simply that the bare announcement of a final judgment, where the judge directs that it be reduced to writing, is of no effect until signed and filed. It is that oral judgment, and that alone, which

is held in abeyance. It is that bare announcement of a final judgment which cannot be attacked by motion, or appealed from, or enforced. It in no way lessens the jurisdiction of the trial court to consider other motions or to enter other orders or judgments. The denial of the plaintiffs' post-trial motion on May 3, 1979, made the injunctive order of March 8, 1979, a final and appealable order.

■■ Next, the plaintiffs contend that the original decree entered in this cause on February 18, 1972, was a final judgment that disposed of the entire proceeding and, therefore, the trial court lacked subject matter jurisdiction to consider the petition for rule to show cause or any other matters. Plaintiffs argue that,in order to enforce its decree after it becomes final, the court must specifically reserve jurisdiction for that purpose and cite *Anundson v. City of Chicago* (1970), 44 Ill. 2d 491, as an example of such reservation of jurisdiction. While it is true that the decree in *Anundson* did contain such a reservation, it is not necessary when the sole purpose of the subsequent proceeding is to enforce a judgment or decree rather than to change or modify it.

It is an elementary principle of law that judicial power essentially involves the right to enforce the results of its own exertion. (*Virginia v. West Virginia* (1917), 246 U.S. 565, 62 L. Ed. 883, 38 S. Ct. 400.) A court has inherent power to enforce its orders and decrees and should see to it that such judgments are enforced when called upon to do so. (46 Am. Jur. 2d *Judgments* §898 (1969); *cf. Gatto v. Walgreen Drug Co.* (1974), 23 Ill. App. 3d 628, 641-43, *rev'd on other grounds* (1975), 61 Ill. 2d 513.) Even when there was a distinction between the more limited powers of courts of law and the broader powers of courts of equity, it was recognized that courts of law had equitable jurisdiction over their own judgments and process. (*Watson v. Reissig* (1860), 24 Ill. 281, 282.) All such distinction has now been eliminated by the Illinois Constitution of 1970. (*Lopin v. Cullerton* (1977), 46 Ill. App. 3d 378, 380; see Ill. Const. 1970, art. VI, §9.) The trial judge correctly ruled that, while she did not have jurisdiction to modify the original decree, she did have jurisdiction to enforce it.

■■ The original decree in this matter granted the original plaintiff relief from the zoning ordinances of the defendant village upon certain conditions as set forth in that decree. That order is binding on the parties to that action and on the present plaintiffs, as successors in interest to the original plaintiff. To contend that the court does not have the authority to enforce compliance with the terms of that decree would make the orders of the court meaningless. Nor does the fact that more than two years have elapsed, so that a petition under section 72 of the Civil Practice Act (Ill. Rev. Stat. 1977, ch. 110, par. 72) is no longer available, in any way diminish that power. See *Weaver v. Bolton* (1965), 61 Ill. App. 2d 98, 105.

Illinois law is clear that the court has power to compel compliance

with its orders and to punish for failure to do so. "All courts are vested with an inherent power to punish for contempt as an essential incident to the maintenance of their authority and the proper administration and execution of their judicial powers." *People v. Javaras* (1972), 51 Ill. 2d 296, 299; *People v. Loughran* (1954), 2 Ill. 2d 258, 262; *City of Park City v. Brosten* (1974), 24 Ill. App. 3d 442, 447-48, *cert. denied* (1975), 423 U.S. 838, 46 L. Ed. 2d 57, 96 S. Ct. 66.

■ The trial court properly allowed the filing of the amended petition pursuant to the provisions of paragraphs (1) and (3) of section 46 of the Civil Practice Act (Ill. Rev. Stat. 1977, ch. 110, pars. 46(1), (3).) The amended petition sought, on the basis of evidence already heard, the imposition of injunctive relief. In its injunctive order, the trial court, after making findings of fact, ordered the plaintiffs to conform to the terms of the 1972 decree restricting the premises to be used exclusively for an automobile service station and to refrain from performing certain specified acts which the judge had found were in contravention of the express language and fair intendment of the 1972 decree and of certain zoning ordinances of the village.

Plaintiffs contend that the injunctive order was erroneous in a number of respects: first, since they had not chosen to exercise their adjudicated right to improve and enlarge the existing gasoline station as proposed in the 1972 decree, there was nothing to enforce; second, the 1972 decree did not affect or terminate the commercial zoning which parcel 2 enjoyed under the village's zoning ordinances and the present uses enjoined by the injunctive order were permitted uses in areas zoned for commercial use; third, the 1972 decree did not incorporate within its terms the provisions of the zoning ordinances and therefore the court did not have the authority to enjoin violations of the village's zoning ordinances under the guise of enforcing its 1972 decree. Such action on the part of the court, the plaintiffs contend, would be an impermissible modification of the 1972 decree and an act beyond its jurisdiction.

An understanding of the decree itself and the circumstances prior to its entry will be helpful in understanding these issues. At the time of the institution of the original proceedings, parcel 2 was being used as an automobile service station; it was zoned for commercial use, which use included service stations, but changed setback requirements of the village had made the use nonconforming. Parcel 1 adjacent thereto was zoned residential. In the 1972 decree, the court found, among other things (1) that the plaintiff's proposed use consisted of an enlargement of the existing automobile service station by the addition of a third bay and construction of a canopy, and that a 40-foot area on the northern portion of parcel 1 would be grassed and landscaped, all pursuant to exhibits attached to the pleadings and testimony received at trial; (2) that the

setback lines of the village's zoning ordinance prevented the proposed use of parcels 1 and 2 by depriving the owners of major portions of the property to be used for construction of a building and that such deprivation amounted to a confiscation of property without due process of law; and (3) that the zoning of parcel 1 for residential use was arbitrary and unreasonable and constituted a taking of property without due process of law.

The decretal portion of the 1972 decree found the zoning ordinance of the village to be unconstitutional and void as it applied to parcel 1 and as it applied to the setback requirements of both parcels. The village was enjoined from interfering with the proposed use and the final paragraph of the decree provided: "That the decree is based upon the specific use proposed by the landowner and as set forth in the record, and the landowner may proceed with said use but may not proceed with a different use."

Thereafter, without proceeding with the use permitted under the decree, Cities Service Oil Company, the original plaintiff, sold the property in question to the present plaintiffs. At no time have the present owners or anyone else proceeded to use the property as contemplated in the 1972 decree. The trial court found, in effect, that the present use was a combination junk yard, used auto sales lot and garage but not an automobile service station. Critical findings of the court in its injunctive order are contained in paragraphs 10 and 12. They read as follows:

> "Excepting the findings of the 1972 decree regarding the yard setback requirements in conjunction with the specific modernization and improvement plan heretofore advanced by the corporate plaintiff, all remaining provisions of the cited zoning ordinance, together with all rules and regulations promulgated thereunder, apply to, govern, and control the subject premises in respect to the mandated exclusive use thereof for automobile service station purposes.
>
> * * *
>
> Frank E. Mitchell, the respondent herein, has despite repeated requests and demands by duly authorized officers, agents and employees of the Village of Oak Brook, engaged in, and continues to engage in, a course of conduct which directly contravenes the express language and fair intendments of the aforementioned decree which incorporates, as a matter of law, all applicable provisions of the cited zoning ordinance."

■■ Plaintiff Mitchell's assertion that the 1972 decree did not compel him to use the property as an automobile service station is true; he could, of course, allow it to remain unoccupied and unused. However, his assertion that he had the right to use parcel 2 for any purpose allowed under its

former commercial zoning is incorrect. The 1972 decree in no uncertain terms limited the use of both parcels to an automobile service station as proposed by the original plaintiff and the decree specifically enjoined the plaintiff from otherwise using the property.

In the landmark case of *Sinclair Pipe Line Co. v. Richton Park* (1960), 19 Ill. 2d 370, the supreme court discussed the undesirable consequences if property is left unzoned as a result of a decree declaring a zoning ordinance void. As a solution to this problem the court stated at page 379:

> "In our opinion, it is appropriate for the court to avoid these difficulties by framing its decree with reference to the record before it, and particularly with reference to the evidence offered at the trial. In most of the cases that have come before us in recent years, a specific use was contemplated and the record was shaped in terms of that use. In such cases the relief awarded may guarantee that the owner will be allowed to proceed with that use without further litigation and *that he will not proceed with a different use.*" (Emphasis added.)

This court has recognized the effect of such a use limitation in a decree. In the case of *Fiore v. City of Highland Park* (1966), 76 Ill. App. 2d 62, this court stated:

> "Under such circumstances, the court may frame its decree in the light of the evidence before it with reference to the specific proposed use; and may decree such contemplated use to be a reasonable one. Such decree neither impinges upon the legislative function, nor in effect leaves the property unzoned, with its potential problem of further litigation due to further rezoning by the municipality; and it limits plaintiffs' use of the land to that contemplated and indicated by the record," (76 Ill. App. 2d 62, 76, citing *Sinclair Pipe Line Co. v. Village of Richton Park* (1960), 19 Ill. 2d 370, 377-79; *Harshman v. City of DeKalb* (1965), 64 Ill. App. 2d 347, 352.)

Having sought the assistance of the court in adjudicating their rights, plaintiffs' use of the property is limited to that prescribed in the 1972 decree.

As we have pointed out earlier in this opinion, the trial court did have jurisdiction to enforce its 1972 decree, and therefore the court had the authority and jurisdiction to compel compliance with that decree by ordering the plaintiffs, in paragraph 1 of the decretal portion of its injunctive order of March 8, 1979, to conform their use of the property in question exclusively to that of an automobile service station.

Furthermore, the trial court's enjoining of the conduct and uses of the plaintiffs as set forth in paragraphs 2 through 7 of the decretal portion of the injunctive order of March 8, 1979, is based upon findings of the court

that such conduct was in contravention of the express language of the 1972 decree, to wit, that such conduct and uses were impermissible in that they constituted a use of the property other than for the purpose of operating an automobile service station.

We hold that the court's finding that such conduct constituted a contravention of the express language of the 1972 decree to be supported by competent evidence, and therefore the court did have the authority and jurisdiction to so enjoin the plaintiffs as set forth in paragraphs 2 through 7 of the decretal portion of its injunctive order of March 8, 1979. We do this without regard as to whether such conduct and uses also constituted violations of the zoning ordinances of the village.

The trial court also based its injunction upon the finding that such conduct and uses as proscribed in aforesaid paragraphs 2 through 7 also violated specific zoning ordinances of the village, which the court found had been incorporated by implication in its 1972 decree. In view of our finding that the court had the authority to enjoin the uses and conduct set forth in paragraphs 2 through 7 without regard to whether such conduct and uses also violated the zoning ordinances, it is not necessary to pass on the correctness of the trial court's finding concerning the violation of the zoning ordinances as to those paragraphs.

However, the conduct and uses enjoined in paragraphs 8 and 9 of the decretal portion of the injunctive order are based solely on conduct and uses purporting to be violations of specific zoning ordinances of the village. It is therefore necessary that we consider the correctness of the trial court's finding that these zoning ordinances were incorporated by implication into the 1972 decree.

This case is somewhat novel because the matter involved two adjacent parcels, one originally zoned residential and the other commercial. Initially, in the 1972 decree, the court made separate findings with regard to each parcel. With respect to parcel 2, the commercial property, the court invalidated only the setback requirements of the challenged ordinances. There is law to the effect that when a zoning ordinance is found to be void only insofar as it creates a specific restriction (e.g., minimum area, setback requirements), the other portions of the challenged zoning ordinance and all other applicable zoning ordinances remain in force. (*Anundson v. City of Chicago* (1970), 44 Ill. 2d 491, 498.) Thus, at first blush, it would appear that parcel 2 would continue to be subject to all the remaining zoning ordinances applicable to it.

As to parcel 1, originally zoned residential, the 1972 decree found the residential zoning to be void. Such a finding had the effect of nullifying all the zoning ordinances applicable to parcel 1 and created a zoning void. (*La Salle National Bank v. City of Chicago* (1954), 4 Ill. 2d 253, 258;

*Harshman v. City of DeKalb* (1965), 64 Ill. App. 2d 347, 352.) In line with the procedure approved by the supreme court in the *Sinclair* case (19 Ill. 2d 370, 378), the court filled this void by granting the relief asked for by plaintiff and mandating that the use of the property be restricted solely to that of an automobile service station as proposed. But in so doing, the court treated both parcels as a single unit and the use of both parcels was restricted to that single use and no other.

The effect of this single use restriction was to leave both parcels otherwise unzoned. Plaintiffs were thereby denied the benefit of other commercial uses permitted under the zoning ordinances of the village and which otherwise would have been applicable to parcel 2 under the holding of the *Anundson* case. It also follows that the 1972 decree did not incorporate by implication any zoning ordinances of the village into its terms, including those which the village now seeks to enforce.

The parties may want to consider the comment of the supreme court in *Sinclair Pipe Line*, referring to the problems posed where the court has specified the use of the property.

> "Such decrees will not, of course, solve all potential problems for all time, but neither will a decree the effect of which is to leave the property unzoned. In either case further action by the appropriate legislative body is indicated." 19 Ill. 2d 370, 379.

Having considered the 1972 decree in its entirety, we find, as a matter of law, that the trial court erred in finding that the 1972 decree incorporated by implication, all applicable provisions of the cited zoning ordinances and in enjoining the conduct and uses proscribed in paragraphs 8 and 9 of the decretal portion of the injunctive order. We further find there is no basis in the evidence or in the law for the entry of paragraph 10 of the decretal portion of the injunctive order.

We therefore reverse and vacate paragraphs 8, 9 and 10 of the decretal portion of the injunctive order of March 8, 1979, and otherwise affirm that order.

Affirmed in part and reversed in part.

NASH and LINDBERG, JJ., concur.