THE STREAMS SPORTS CLUB, LTD., Plaintiff-Appellant, *v.* DONNA RICHMOND *et al.*, Defendants-Appellees.

Second District  No. 81—881

Opinion filed October 5, 1982.

Cathléen M. Keating and Thomas B. Cassidy, both of Martin, Craig, Chester & Sonnenschein, of Chicago, for appellant.

John C. Bartler and Michael F. Dahlen, both of McKenna, Storer, Rowe, White & Farrug, of Wheaton, for appellees.

PRESIDING JUSTICE SEIDENFELD delivered the opinion of the court:

The Streams Sports Club, Ltd., an Illinois corporation, claimed a lien which it sought to foreclose against the owner of a condominium unit who refused to pay dues to the sports club. The club appeals from a final order dismissing its amended complaint. In the amended complaint count I sought foreclosure pursuant to the Illinois Mortgage and Foreclosure Act; count II sought foreclosure pursuant to article 15 of the condominium declaration; and count III sought recovery based on breach of contract.

Defendant's motion to dismiss which was granted by the court alleged that neither the Illinois Condominium Property Act (Ill. Rev. Stat. 1979, ch. 30, par. 301 *et seq.* ) nor the Illinois Mortgage and Foreclosure Act (Ill. Rev. Stat. 1979, ch. 95, par. 23) provide for the type of lien which plaintiff claims, and thus that count I fails to state a cause of action. The motion alleged that count II fails because an amendment had been passed by the condominium owners making membership in the Sports Club permissive rather than mandatory, and that count III was defective because no contract ever existed between the parties.

The appeal focuses on the validity and applicability of a clause in the declaration of condominium ownership which requires all owners of condominium units in a particular complex to become members of

and to pay annual dues to a recreational club, located adjacent to and owned and operated by the developer of the complex, and which imposes a lien on the condominium unit for failure to pay the annual dues. The club is a successor in interest to Shannon, Inc., the developer of a condominium complex known as "The Streams Condominium No. 3," and owner of the Streams Sports Club. The defendant Donna Richmond is the beneficial owner of a condominium unit located in "The Streams Condominium No. 3."

I

The type of lien sought is not provided in either the mortgage or the condominium statutes. This does not appear to have been questioned on appeal. In any event the trial court properly dismissed count I of the amended complaint. Plaintiff does not appeal the dismissal of count I, which sought foreclosure of the lien under the Illinois Mortgage and Foreclosure Act (Ill. Rev. Stat. 1979, ch. 95, par. 23). The dismissal of this count was proper as the Act does not provide for this type of lien, which involves no conveyance by defendant. See *A. S. S. Wrecking Co. v. Guaranty Bank & Trust Co.* (1971), 2 Ill. App. 3d 66, 72, *rev'd on other grounds* (1972), 53 Ill. 2d 249; 27 Ill. L. & Prac. *Mortgages* sec. 2 (1956).

II

Under count II the club relies on article 15 of the declaration of condominium ownership. This provides generally that the club will be owned by the developer and operated for profit by the developer, its assignees, vendees or designees; the authority to determine what facilities will exist from time to time are reserved to the title holder, owner and operator of the club; each owner of any condominium unit upon acquisition of title becomes a member of the club without any membership or initiation fee and may exercise and enjoy facilities upon compliance with the regulations of the club and upon payment of annual membership fees; in the event that any condominium unit is transferred the right to club membership of the subsequent owner is subject to the payment of a transfer fee and compliance with the regulations of the club. "The breach, violation or default on the part of any Owner or his invitee or guest of any By-Law, rule or regulation then in effect with respect to such Club, or the failure or refusal of any such Owner to pay the annual membership fee or any other charge which he has voluntarily incurred by the use of the Club's facilities, shall entitle the Owner of said Club, *** to either suspend, *** or terminate the privilege or license *** but not to exceed one

year. \*\*\* Notwithstanding such suspension the annual membership dues shall continue to accrue and be a charge and lien against the interest of the Unit owned by the Owner. All unpaid charges shall be a lien against said Unit \*\*\*. The Club shall have the right, in addition to any other remedy, to enforce its lien by foreclosure, \*\*\*."

■ The first question raised under this count is whether a successor in interest to a developer may enforce a lien against a condominium unit owner who fails to pay annual recreation dues. Defendant argues that article 15 of the declaration regarding the Sports Club creates personal covenants which may only bind the original grantor and grantee; thus, that the plaintiff as assignee of the original developer could not assert rights which were personal to the developer. In addition, defendant contends that the type of lien sought to be foreclosed is not expressly provided for in the Condominium Property Act, and the contract set forth in article 15 of the condominium declaration is unconscionable and unenforceable since it provides that services and facilities of the club can be continued, altered, changed or terminated at the sole discretion of the club, allows the club to impose fees in an amount it alone deems reasonable and to suspend, limit, curtail or terminate membership without a hearing and provides that fees shall never be decreased even if the club reduces its services or facilities. Defendant also argues that the contract is unenforceable because its terms are vague and uncertain and lack mutuality. Defendant also argues that it is not binding under any theory of promissory estoppel.

■ While we agree that the Condominium Property Act (Ill. Rev. Stat. 1979, ch. 30, pars. 309, 309.1) does not expressly provide for the type of lien asserted here, it is equally true that the Act does not specifically or impliedly exclude the creation of liens which are not expressly provided. A lien may be created by agreement or by statute. (*Kunde v. Biddle* (1976), 41 Ill. App. 3d 223, 225; *Sullivan v. Sudiak* (1975), 30 Ill. App. 3d 899, 902.) "[I]f an express contract sufficiently manifests the intention that some particular property or fund is to be security for a debt, then an equitable lien may be imposed upon the property or fund so identified." (*Bankers Trust Co. v. Chicago Title & Trust Co.* (1980), 89 Ill. App. 3d 1014, 1017-18.) Here the fact that the notice of lien makes specific reference to the Condominium Property Act is not of great import in light of the fact that said notice also indicates that it arises pursuant to the condominium declarations

■ We also conclude that the contract is not unenforceable for unconscionability. A contract is unconscionable when it is improvident, totally one-sided or oppressive. (*Walter E. Heller & Co. v. Convales-*

*cent Home* (1977), 49 Ill. App. 3d 213, 219.) An absence of a meaningful choice on the part of one of the parties together with contract terms which are unreasonably favorable to the other party is unconscionable. (*First Financial Insurance Co. v. Purolator Security, Inc.* (1979), 69 Ill. App. 3d 413, 419.) Although it appears that some of the provisions of article 15 are unduly favorable to the developer, we are at the pleading stage and there is no showing that, as a matter of law there is fraud, mistake or duress or even disparity of bargaining power. In the absence of fraud, mistake or duress, courts are reluctant to strike down contracts since " '[p]eople should be entitled to contract on their own terms without the indulgence of paternalism by courts in the alleviation of one side or another from the effects of a bad bargain.' " (*Neal v. Lacob* (1975), 31 Ill. App. 3d 137, 142.) Moreover, article 15 does not create a separate and independent contract, but is a section of a much broader contract which grants rights and liabilities to both parties, with no indication that the condominium contract, as a whole, is unconscionable.

Nor can we agree that the contract lacks mutuality in that only the plaintiff is given the right to terminate its services and the covenants do not specifically delineate the services to be provided. Again the defendant culls out one portion of the declaration. Article 17 provides, however, that the declaration "may be changed, modified or rescinded by an instrument in writing setting forth such change, modification or rescission, signed by Owners having at least three-fourths (³/4ths) of the total vote ***."

Defendant does not argue that no services are presently being provided nor that the condominium unit owners are not receiving sufficient value for their annual dues. Thus, the failure to specifically identify the services to be provided does not render the contract void for uncertainty. Where terms of an agreement are in any respect doubtful or uncertain, and parties to it have, by their own conduct, placed upon it a construction which is reasonable, such construction will be adopted by the court. (*Moran v. Commonwealth Edison Co.* (1979), 74 Ill. App. 3d 964, 973; *Walgreen Co. v. American National Bank & Trust Co.* (1972), 4 Ill. App. 3d 549, 554.) In any event, given the strong presumption that the provisions of a condominium declaration are valid, the question of unconscionability should not be decided on a motion to dismiss. See *Point East Management Corp. v. Point East One Condominium Corp.* (Fla. 1973), 282 So. 2d 628; *Hidden Harbour Estates v. Basso* (Fla. App. 1981), 393 So. 2d 637.

We then consider defendant's contention that, even if the covenant is held to be enforceable generally, it is a personal covenant

which may not be enforced by the successor in interest to the original developer. We cannot agree.

■ The club as the successor to the interest of the original developer is the real party in interest. It has the apparent duty to pay for the occupancy of the recreational land and is plainly the intended beneficiary of the covenant created by article 15 of the condominium declaration. If a contract is entered into for the direct benefit of a third person he may sue for its breach. (*Carson Pirie Scott & Co. v. Parrett* (1931), 346 Ill. 252, 258-59. See also *Vogeler v. Alwyn Improvement Corp.* (1928), 247 N.Y. 131, 134-36, 159 N.E. 886, 887.) In Illinois, a party seeking enforcement of a covenant need not own the property to be benefited by enforcement, nor in fact, any property. (*VanSant v. Rose* (1913), 260 Ill. 401, 407.) This is so because the right to enjoin the breach of a restrictive covenant does not depend on whether the covenantee's property will be damaged by the breach; it is the right to specific performance of the bargain which the parties have made between themselves. (*VanSant v. Rose* (1913), 260 Ill. 401, 407-08.) Even where the holder of a benefited land is the one who may enforce a covenant, a successor to the owner's interests as the real party in interest may likewise enforce a recreational covenant. *Bessemer v. Gersten* (Fla. 1980), 381 So. 2d 1344, 1348.

■ Although our conclusion that the club is entitled to enforce its rights as a third-party beneficiary of the contract between the original developer and the condominium owners makes the question of whether the covenant is one which runs with the land redundant, we will briefly discuss the issue.[1] Initially we conclude from the record, contrary to the argument of the defendant, that the question was fairly raised in the trial court. A covenant to pay fees, giving plaintiff a lien on property for unpaid fees, runs with the land. In *Mathis v. Mathis* (1948), 402 Ill. 60, 66, the supreme court stated that "[w]here land is conveyed in consideration of a covenant by the grantee to support the grantor, or other persons designated, the covenant runs with the land and is binding upon subsequent owners." The court held that a covenant, in which the grantee in partial consideration for the transfer agreed to pay a third party a certain sum of money and give the third party a lien against the property for unpaid amounts, ran

---

[1]The issue of whether the covenant runs with the subject property would be relevant to a determination of whether it can be enforced against subsequent as well as original purchasers. The record is not clear on whether Donna Richmond is an original or subsequent purchaser. However, as defendant has not raised this issue in the motion to dismiss or on appeal and we find that the covenant does run with the land, whether Richmond is an original or subsequent purchaser is here not material.

with the land. Other jurisdictions have likewise held that covenants similar to the one before us which exact charges for the upkeep of property other than the owner's, run with the land. See *e.g., Lincolnshire Civic Association, Inc. v. Beach* (1975), 46 App. Div. 2d 596, 364 N.Y.S.2d 248; *Bessemer v. Gersten* (Fla. 1980), 381 So.2d 1344; *Kell v. Bella Vista Village Property Owners Association* (1975), 258 Ark. 757, 528 S.W.2d 651; *Birchwood Lakes Community Association, Inc. v. Comis* (Pa. Super. 1982), 442 A.2d 304; *Phillips v. Smith* (1949), 240 Iowa 863, 38 N.W.2d 87; *Neponsit Property Owners' Association v. Emigrant Industrial Savings Bank* (1938), 278 N.Y. 248, 15 N.E.2d 793.

Count II of the complaint was sufficient to state a cause of action, and it was error for the trial court to dismiss this count on the pleadings.

## III

■ Inasmuch as count III also sought recovery based on breach of contract, the count also stated a cause of action on the basis that the club was a third-party beneficiary entitled to pursue its remedy for enforcement of the covenant. We conclude, therefore, that the court erred in dismissing count III of the complaint.

## IV

Defendant also asserted in her motion to dismiss that even if the lien were enforceable when the declaration was originally recorded, a 1978 amendment to the condominium declaration effectively negated the effect of article 15 with respect to defendant. This amendment, recorded prior to defendant's purchase of her unit, was passed pursuant to article 17 of the declarations and provided for a permissive rather than mandatory membership in the Sports Club.

■ Plaintiff asserts that article 17 is not part of the contract between the parties and, as such, the purported amendment has no effect. It claims that if article 17 were applied to article 15 then the condominium owners could amend any portion of the parties' agreement without the consent of the plaintiff. In this view article 17 would lack mutuality and therefore must fall. It seems incongruous that plaintiff should attempt to deny the effect of article 17 as lacking mutuality in order to preserve the provisions of article 15 which, in and of themselves, might also be argued to lack mutuality when not considered in the text of the whole agreement. There is no basis for culling out article 15, however, and creating a separate and independent contract between the parties. The declarations must be con-

strued as a unified contract. We note that an amendment provision such as the one in the present case was approved by this court in *Crest Builders, Inc. v. Willow Falls Improvement Association* (1979), 74 Ill. App. 3d 420, 423.

Plaintiff also contends that the 1978 amendment fails to comply with the provisions of article 17. Article 17 provides that the amendment must be signed by three-fourths of the condominium owners, certified by the secretary of the board, and all lienholders of record must have been notified. Plaintiff claims that none of these three requirements have been met.

No evidence was taken to determine whether the amendment was passed by three-fourths of the unit owners. A certification by the secretary of the board would have substantiated this fact, but no certification is attached to the amendment. Also, there is no indication that all lienholders of record were notified. It would appear that the amendment would be valid and defeat the cause of action under any count if passed in accordance with the requirements. Proof must be adduced on this issue upon remand.

That portion of the dismissal order which refers to count I is affirmed; those portions referring to counts II and III are reversed, and the cause is remanded for further proceedings consistent with this opinion.

Affirmed in part, reversed and remanded in part.

NASH and HOPF, JJ., concur.