**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2025 IL App (3d) 240648-U

Order filed April 13, 2026

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2025

| | | |
|---|---|---|
| OTIS DUNGAN, individually, KATHRYN DUNGAN, individually, KENNETH BLAIR, individually, SARA BLAIR, individually, WILD MEADOWS TRACE TOWNHOME ASSOCIATION, INC., a dissolved Illinois corporation, and WILD MEADOWS TRACE TOWNHOME ASSOCIATION, a voluntary Association, | ) ) ) ) ) ) ) ) | Appeal from the Circuit Court of the 18th Judicial Circuit, Du Page County. |
| Plaintiffs, | ) ) | |
| (Kenneth Blair and Sara Blair, | ) ) | |
| Plaintiffs-Appellants, | ) ) | |
| v. | ) ) | |
| EGGLESTON STREET, LLC, an Illinois limited liability company, 283 EGGLESTON, LLC, an Illinois limited liability company, 481 SPRING ROAD, LLC, an Illinois limited liability company, 485-489 SPRING ROAD, LLC, a limited liability company, 469 SPRING ROAD, LLC, a limited liability company, and ROBERTO'S RISTORANTE & PIZZERIA, INC., an Illinois corporation, | ) ) ) ) ) ) ) ) ) ) ) | Appeal No. 3-24-0648 Circuit Nos. 23-MR-181 & 70-G-2266 |
| Defendants-Appellees). | ) ) | |
| _____ | ) ) | |

GEORGE M. HATCH, LOUISE V. HATCH, )
ROBERT V. KING, and MARGARET H. )
KING, )
                              )
        Plaintiffs, )
                              )
        v. )
                              )
CITY OF ELMHURST, )
                              )
        Defendant, )
                              )
        and )
                              )
OTIS DUNGAN and KATHRYN DUNGAN, )      Honorable
                              )      Paul M. Fullerton,
        Defendants in Intervention. )      Judge, presiding.

_____

JUSTICE HETTEL delivered the judgment of the court.
Justice Holdridge and Justice Anderson concurred in the judgment.

_____

**ORDER**

¶ 1        *Held*:   The circuit court erred when it dismissed, with prejudice, count III of the plaintiffs' third amended complaint pursuant to sections 2-615 and 2-619 of the Code of Civil Procedure.

¶ 2        The plaintiffs, Kenneth and Sara Blair and Otis and Kathryn Dungan, sued the defendant, Eggleston Street LLC (hereinafter Eggleston) and other defendants based on the construction of parking lots on two parcels of land in Elmhurst. During pretrial matters, the circuit court dismissed count III of the plaintiffs' third amended complaint with prejudice. Eggleston sought and received Rule 304(a) (Ill. S. Ct. R. 304(a) (eff. Mar. 8, 2016)) language regarding the ruling, and the Blairs appealed. On appeal, the Blairs argue that the circuit court erred when it granted Eggleston's motion to dismiss count III. We reverse and remand for further proceedings.

¶ 3                                 I. BACKGROUND

¶ 4        In 1969, four people sought to build a 42-unit apartment complex on two parcels of property they owned in Elmhurst, Illinois. Those parcels, shown in the diagram below, are labeled as the Transite Parcel and the Wild Meadows Trace Townhomes Parcel.



¶ 5        In 1970, the four property owners sued the City of Elmhurst because a zoning ordinance prohibited the proposed development. The result of that lawsuit was a 1971 circuit court order finding the zoning ordinance unconstitutional as applied to the property owners and compelling the City to issue the permits, if applied for, subject to certain restrictions. One of the restrictions was that "No 'structure' (except for surfacing) shall be erected on" the Transite Parcel and 5.41 feet of land to its east on the Wild Meadows Trace Townhomes Parcel. That restriction was ordered

3

to remain unless and until a certain condition was met. It is undisputed that the condition has never been met.

¶ 6    The 42-unit apartment complex was never built, and ownership of the Transite Parcel and the Wild Meadows Trace Townhomes Parcel was transferred several times between 1986 and 1989. In 1989, the new owner of the property began the process of constructing condominiums and townhomes on the two parcels. The declaration of condominium ownership gave control of the two parcels to the condominium association and declared easements on the Transite Parcel for the condominium association's benefit. Additionally, in 1990, the City of Elmhurst filed an unopposed motion to amend the 1971 court order to allow a maximum of 13 units. The motion was granted but, notably, the portion of the 1971 order that restricted development of the Transite Parcel was unaffected by the amendment.

¶ 7    Eggleston Street LLC acquired the Transite Parcel, and the 5.41 feet of land to its east, in 2017. The following year, it also acquired what is labeled in the diagram as the "Abutting Parcel." Subsequently, Eggleston Street LLC and several other adjacent property owners filed a zoning application that sought to construct parking lots on those parcels. Over opposition to the zoning application, it was granted by the City in 2021 and a related zoning ordinance was adopted. The parking lots were constructed, which included curbs, light poles, fences, and a stormwater drainage system.

¶ 8    In February 2023, Otis and Kathryn Dungan, who owned what is labeled in the diagram as the Dungan Parcel, filed a petition to intervene in the case that resulted in the case that resulted in the 1971 order as amended in 1990 (hereinafter the *Hatch* case). Among other things, the Dungans alleged that the construction of the parking lots violated the 1971 order because more than just

4

surfacing was constructed. In April 2023, the circuit court denied the Dungans' petition to intervene. The Dungans appealed that decision.

¶ 9 While the Dungans' petition to intervene was pending in the circuit court, in March 2023, the plaintiffs filed a separate cause of action that sought to enforce the 1971 order as amended in 1990. A second amended complaint was filed in September 2023 that set forth seven counts. This appeal involves only count III.

¶ 10 Count III was pled as the Blairs versus Eggleston and alleged that the curbs, light poles, fences, stormwater drainage system, and other related additions to the parking lots violated the 1971 order as amended in 1990, which prohibited "structures" other than "surfacing." Count III requested "an order enforcing the terms" of the 1971 order as amended in 1990, including "prohibiting and enjoining EGGLESTON STREET LLC from maintaining and operating the improvements ***, [and] compelling removal of the improvements and site restoration."

¶ 11 Eggleston filed combined motions to dismiss all counts of the complaint except count V.[1] Regarding count III, Eggleston first argued that count III should be dismissed pursuant to section 2-615 of the Code of Civil Procedure (Code) (735 ILCS 5/2-615 (West 2022)) because a "surface parking lot" did not violate the 1971 order as amended in 1990. Eggleston argued that as a matter of law, "a surface level parking lot is not a 'structure' under the City's zoning ordinance." Further, it emphasized that the 1971 order implemented an agreement between the parties involved and that it would be nonsensical to read the 1971 order as prohibiting "life safety and security improvements ancillary to" surfacing the parcels. In addition, Eggleston alleged that the Blairs

_____

[1] In count V, the Dungans sought monetary relief from Eggleston for alleged trespasses onto the Dungan's property during the construction of the parking lots.

failed to timely challenge the zoning approval granted by the City. Lastly, it contended that if the 1971 order's use of "surfacing" were ambiguous, the restriction was void.

¶ 12    Second, Eggleston argued that count III should be dismissed pursuant to section 2-619(a)(1) of the Code (*id.* § 2-619(a)(1)). Eggleston claimed that the Blairs failed to exhaust administrative remedies regarding the parking lots because they did not challenge the City's issuance of the building permits. Thus, Eggleston claimed the circuit court lacked subject matter jurisdiction to hear count III. Eggleston also requested that if the circuit court did not dismiss count III, the other 12 condominium owners were necessary parties and therefore needed to be added to the case.

¶ 13    The circuit court held a hearing on the motions to dismiss in December 2023. The court dismissed counts I, IV, and VI with prejudice. Count II was also dismissed, although only partially with prejudice. Count VII was dismissed without prejudice. Regarding count III, the court reserved its ruling.

¶ 14    The plaintiffs filed a third amended complaint in February 2024. Count III was identically repled.

¶ 15    On March 4, 2024, the court issued its ruling on count III. The court granted the motion to dismiss without prejudice. However, the court conditioned the dismissal without prejudice on the result of the Dungans' appeal in the *Hatch* case, which was still pending—"only on the condition that the appellate court does something or issues some ruling that could somehow make this cause of action survive in some format." The court further stated that dismissal of count III was based on several reasons:

> "First. The Court notes that the 'surfacing structure' limitation entered in that 1971 judgment, over 50 years ago, does not permanently freeze the permitted land use, and

6

prohibit the City, which this Court believes is the legislative branch regarding this parking lot from exercising its police power and land use control. Particular land use decision by the city was rationally related to protecting the public welfare.

Secondly. Regardless of the 1971 judgment which allows surfacing, but no 'structure,' the City of Elmhurst does have the right to attach security and safety permitting requirements to resurface parking lots.

Thirdly. The Court believes the plaintiffs fail to exhaust their administrative remedies to challenge these issues in Count Three.

Fourth. The City of Elmhurst granted Eggleston a conditional use permit to construct a surface parking lot on the above-described—or the property at issue. And this Court does agree with the defendants that a surface-level parking lot is not a 'structure' under the City's zoning ordinance, so it would not preclude what the City of Elmhurst is constructing on this parking lot in addition to the surfacing lot itself.

And finally, the Court believes that the City of Elmhurst, if this case—or if this count were to survive in some fashion, the City of Elmhurst would be a necessary party."

¶ 16    In the months following the court's ruling, the parties litigated additional matters, which resulted, *inter alia*, in a consolidation of this case with the *Hatch* following this court's April 2024 decision in that appeal (*Hatch v. City of Elmhurst*, 2024 IL App (3d) 230219-U (unpublished order under Supreme Court Rule 23)). Additionally, in August 2024, Eggleston filed a motion for Rule 304(a) (Ill. S. Ct. R. 304(a) (eff. Mar. 8, 2016)) findings regarding the court's dismissal of count III. The circuit court granted that motion in October 2024, and this appeal followed. At the time of the filing of the notice of appeal, the only remaining counts from the plaintiffs' third amended complaint were counts V and VII, the latter being a claim that sought declaratory, injunctive, and

7

other relief based on Eggleston allegedly violating ordinances related to drainage when it constructed the parking lots.

¶ 17                                    II. ANALYSIS

¶ 18        On appeal, the Blairs argue that the circuit court erred when it dismissed count III with prejudice.

¶ 19        Initially, we note that the Blairs, who did not seek Rule 304(a) language in this case, question whether we have jurisdiction to hear the appeal.

¶ 20        When multiple parties or claims are involved in a case, such as this one, "any judgment that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not enforceable or appealable" without the circuit court making a specific finding pursuant to Rule 304(a), which provides that

>        "[i]f multiple parties or multiple claims for relief are involved in an action, an appeal may be taken from a final judgment as to one or more but fewer than all of the parties or claims only if the trial court has made an express written finding that there is no just reason for delaying either enforcement or appeal or both." Ill. S. Ct. R. 304(a) (eff. Mar. 8, 2016).

The circuit court may make that finding at the time the judgment is rendered "or thereafter on the court's own motion or on motion of any party." *Id.*

¶ 21        In this case, the circuit court's dismissal of count III without prejudice was conditioned on this court's disposition of the *Hatch* appeal. We issued *Hatch* in April 2024. At that time, the dismissal of count III in this case became a dismissal with prejudice. Eggleston sought Rule 304(a) language in August 2024, which the circuit court granted. Because an order dismissing a claim with prejudice is a final order (see, *e.g.*, *A & R Janitorial v. Pepper Construction Co.*, 2018 IL

8

123220, ¶ 17), we hold that we have jurisdiction to hear this appeal. We now turn to the appeal's merits.

¶ 22    The dismissal of count III in this case was made pursuant to both sections 2-615 and 2-619 of the Code (735 ILCS 5/2-615, 619 (West 2022)). "A motion to dismiss under section 2-615 challenges the legal sufficiency of the plaintiff's claim, while a motion to dismiss under section 2-619 admits the legal sufficiency of the claim but asserts defenses or defects outside the pleading to defeat the claim." *Cahokia Unit School District No. 187 v. Pritzker*, 2021 IL 126212, ¶ 23. We review *de novo* a circuit court's decision on a motion to dismiss brought under either section. *Solaia Technology, LLC v. Specialty Publishing Co.*, 221 Ill. 2d 558, 579 (2006). "Under a *de novo* standard of review, we use the same analysis that a trial court would with no deference to the trial court's decision." *Hampton v. Metropolitan Water Reclamation District of Greater Chicago*, 2025 IL App (1st) 231381, ¶ 46.

¶ 23    Eggleston's combined motion to dismiss count III presented two arguments. First, Eggleston argued that count III should be dismissed pursuant to section 2-615 of the Code because a "surface parking lot" did not violate the 1971 order as amended in 1990.

¶ 24    In considering a section 2-615 motion to dismiss, the circuit court is to determine "whether the complaint sufficiently states a cause of action, and the merits of the case are not considered." *Jackson v. Michael Reese Hospital and Medical Center*, 294 Ill. App. 3d 1, 9 (1997). Count III in this case sought enforcement of a prior court order.[2] Eggleston's argument for dismissal under

---

[2] Regarding whether count III sufficiently stated a cause of action, we note that a circuit court unquestionably retains indefinite jurisdiction to enforce its judgments (*In re Marriage of Allen*, 343 Ill. App. 3d 410, 412 (2003); see also *Cities Service Oil Co. v. Village of Oak Brook*, 84 Ill. App. 3d 381, 384 (1980) (holding that "[a] court has inherent power to enforce its orders and decrees and should see to it that such judgments are enforced when called upon to do so")). Further, whether enforcement needed to be sought in the *Hatch* case instead of in a new cause of action is a moot point, as this case has been consolidated with the *Hatch* case.

section 2-615 was directed at the merits of count III, as the circuit court would have to conduct a factual inquiry to answer the question of whether a "surface parking lot" violated the 1971 order as amended in 1990. Because Eggleston's argument was not based only on whether count III sufficiently stated a cause of action, we reject it as presenting an improper basis for dismissal under section 2-615.

¶ 25    Second, Eggleston argued that count III should be dismissed pursuant to section 2-619(a)(1) of the Code because the Blairs did not challenge the City's issuance of the building permits and therefore failed to exhaust administrative remedies. The major flaw in Eggleston's argument is that count III did not seek to challenge any administrative action by the City. Rather, it merely alleged that Eggleston, a private entity, violated a previous court order.

¶ 26    Section 2-619(a)(1) provides that an action may be dismissed if "the court does not have jurisdiction of the subject matter of the action, provided the defect cannot be removed by a transfer of the case to a court having jurisdiction." 735 ILCS 5/2-619(a)(1) (West 2022). As stated above, a circuit court retains indefinite jurisdiction to enforce its judgments. *Allen*, 343 Ill. App. 3d at 412. We are not persuaded by Eggleston's claim that the Blairs had to exhaust administrative remedies before attempting to hold Eggleston accountable for allegedly violating a previous court order.

¶ 27    For the forgoing reasons, we hold that count III of the Blairs' complaint should not have been dismissed pursuant to sections 2-615 or 2-619(a)(1) on the bases asserted by Eggleston. Accordingly, we reverse the circuit court's dismissal of count III and remand the case for further proceedings.

¶ 28                                III. CONCLUSION

¶ 29    The judgment of the circuit court of Du Page County is reversed and the cause is remanded for further proceedings.

¶ 30         Reversed and remanded.